IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# MIDDLE DIVISION.

NASHVILLE, . . . . . . . . . DECEMBER TERM, 1880.

CHARES MORLEY *v.* C. POWER and JOHN LEONARD.

1. PLEADINGS AND PRACTICE. *Mandamus.* *Public school teacher.* A *mandamus* will lie, at the instance of a teacher of a public school, under a valid contract, to compel the directors of a school district, who had unlawfully removed him, to reinstate him as teacher, and to issue to him an order or warrant on the proper disbursing officer of the school fund for the instalments of his salary.

2. SAME. *Same.* *Same.* It is no defense to the proceedings by *mandamus* that there was a bill filed by the defendants in the chancery court, then pending against the relator, involving the question of the appointment of the relator as teacher, and the same matters.

3. SAME. *Same.* *Official discretion.* In all matters requiring the exercise of official judgment, or resting in the sound discretion of the person to whom a duty is confided by law, *mandamus* will not lie either to control the exercise of that discretion, or to determine on the decision which shall be given. But when the act to be done is ministerial on a given state of facts, the writ lies, although the officers or body must judge, according to their best discretion, whether the facts exist, and whether they should perform the act.

Morley v. Power.

4. PUBLIC SCHOOLS. *Teacher. Dismissal.* Under the act of 1873, ch. 25, sec. 20, sub-sec. 3, the right to employ a teacher only exists in the case of a vacancy, and the right to dismiss a teacher, already employed under a valid contract, is limited, and can only be exercised after notice, and upon proper testimony.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

W. G. BRIEN & SON for petitioners.

A. S. COLYAR for defendants.

COOPER, J., delivered the opinion of the court.

On the 13th of October, 1880, Charles Morley filed his petition for a *mandamus* against the defendants, C. Power and John Leonard, being two of the three members of the board of school directors for school district No. 13 of Davidson county. A similar petition was filed at the same time by Kate Hussey, and another by P. R. Burrus. Alternative writs of *mandamus* were issued in each case, and answered separately. The three cases were heard together, and consolidated for the purpose of this appeal, and one bill of exceptions made out for all of them. The circuit judge dismissed the petitions upon the hearing and each of the petitioners appealed in error. The rights of the parties turn in most respects on the same questions, and we will confine the discussion to Morley's case.

Morley *v.* Power.

The petition of Morley, and the alternative writ of *mandamus* which follows it, claims the petitioner was duly elected a teacher of the common schools of the thirteenth district by the board of directors, began the performance of his duties and was wrongfully removed by the defendants, and seeks by the *mandamus* to compel the defendants to reinstate him, and issue to him a warrant for the salary due him. The petitioner, having the written certificate of the county superintendent of public instruction, applied to the board of directors of school district No. 13, then composed of J. H. Burrus, M. McDonald and John Leonard, for a position as teacher in the schools of that district. On the 16th of August, 1880, at a meeting of the board, duly convened, for the purpose of electing teachers, the petitioner was elected and appointed principal teacher of Watkins' seminary, one of those schools, for the scholastic year commencing on the 6th of September, 1880. A written contract was entered into between him and the board, as required by law, his compensation being fixed at $60 per month. McDonald's term of office expired on the 31st of August, 1880, and, at the election held in that month, the defendant, C. Power, was elected in his place. On the 17th of August, 1880, Power and Leonard, over the protest of Burrus, proceeded to elect another corps of teachers, and on the 30th of August, 1880, and one week before the scholastic year commenced, they opened the schools and placed the teachers thus elected in charge. At the regular time appointed for opening the schools, petitioner appeared and undertook to per-

form his duties, and, although kept from so doing for
several days, eventually took possession and entered
upon the discharge of his duties. The defendants
first sought to oust him by notice that they had re-
moved him, then by indictments in the criminal court,
and finally succeeded by an injunction from the chan-
cery court upon an *ex parte* statement of the facts. The
certificate of the superintendent of Morley's qualifica-
tion to teach, the written contract with the board,
and the written instructions of the board to him, are
made exhibits to the petition.

The defendants answered the alternative writ of
*mandamus* by saying " they had not signed any warrant
for Charles Morley as a teacher of the thirteenth dis-
trict and they have not reinstated him as a teacher
for the following reasons," setting them out. The
evidence introduced consisted of the bill and answer
in the injunction suit referred to in the petition and
return thereto, and the order of the chancellor refus-
ing to dissolve the injunction, upon the ground that
the directors were entitled to the custody and control
of the school-house of the district, and that the rem-
edy of the defendants was by action for the compen-
sation agreed on. It was also agreed by the parties
that the chancellor had in the case of Power and
Leonard *v.* McDonald, Burrus and Morley, rendered a
decree holding that Burrus, McDonald and Leonard
were the directors of school district No. 13, up to the
1st of September, 1880, and had the right to elect
teachers and do all other business attached to the office;
that Power's term as a director commenced on the

said 1st day of September, 1880; and that the directors and the county superintendent were the sole judges of the qualifications of the teachers. The chancellor dissolved the injunction granted in that case, and his decree remained in full force and not appealed from.

Upon the hearing of the *mandamus* case his Honor the circuit judge was of opinion that the writ was only granted for public persons and to compel the performance of public duties. "That a teacher of public schools, under a contract made with the proper authorities charged with the duty of employing teachers, does not occupy such a relation to the public as entitles him to the extraordinary remedy of *mandamus* to restore him to the position of teacher, from which he has been wrongfully removed; and, for the same reason, that a *mandamus* will not lie to compel the defendants to sign the warrant for the compensation of the teacher."

No argument has been submitted in support of the ground upon which the circuit judge based his dismissal of the petition. The general principle enunciated by him is in conflict with the rulings of this court, in cases other than public functionaries. *Mobile & Ohio R. R. Co.* v. *Wisdom*, 5 Heis., 125, 155; *Memphis Appeal Publishing Co.* v. *Pike*, 9 Heis., 698. The writ has been granted against commissioners appointed by the county court to open the gates of a turnpike road. *White's Creek Turnpike Co.* v. *Marshall*, 2 Baxt., 104. It has been sustained in favor of a teacher of a common school against the county trustee,

in his capacity as treasurer of the school board of directors. *Arrington* v. *Cotton*, 1 Baxt., 346. In other States it has been deemed the appropriate and only adequate remedy on behalf of a teacher who has rendered services in accordance with law, and who is entitled to payment out of the school fund, to compel the necessary officers to draw their order for the payment of the money. *Apgar* v. *Trustees*, 5 Vroom, 308. And the proper remedy against the officers of a school district, requiring them to conform to the law, or to reinstate a teacher whom they have removed without authority for so doing. *Gilman* v. *Bassett*, 33 Conn., 298. The writ has often been sustained for the enforcement of the right to office in private corporations. High Ext. Rem., 291, *et seq.* The school directors of a district are, moreover, officers of the State, clothed with important public duties, and the teacher of a public school has a franchise in his office, the loss of which cannot be compensated in damages. There is no other adequate remedy to compel the performance of official duty by the directors, or to reinstate a teacher wrongfully removed, and thereby deprived not only of his salary, but his vocation.

The return or answer of the defendants to the alternative writ of *mandamus*, virtually admits, what the exhibits prove, that the petitioner was appointed teacher as claimed, and further admits, what their own bill shows, that he was prevented by defendants from performing the duties of a teacher, and removed by them, and that they had refused to reinstate him, or pay him his compensation. *Prima facie*, the petitioner

is entitled to the relief sought, and the burden is on the defendants to establish a sufficient excuse against a peremptory writ.

The first position assumed in argument is, that the whole matter of litigation, involving the question of the appointment of the petitioner as a teacher, is now pending in the chancery court. The bill filed as evidence in support of this petition, shows that it is the bill of the defendants against the present petitioners, and seeks to enjoin them from interfering with the control of the complainants, as school directors, over the school-houses of the district. The only charge in the bill which bears upon the validity of the appointment of Morley as a teacher, is that he was elected by a board of directors, "one of whom had been a director, but had ceased and refused to act for many months." There is no charge that he was not a director, duly elected and qualified, and the proof in the case shows that, in a suit brought expressly to test the title of that director to his office at that time, the chancellor rendered a decree, in full force and not appealed from, that the person referred to was a director, and complainant Power was not. The bill does not contest the title of the other petitioners at all.

The defense relied on is, in substance, the plea of a former suit pending in the chancery court. The plea is in the nature of a plea in abatement, and although under our practice, it may be embodied in an answer, it should have all the certainty of a plea. *Connell* v. *Furgason*, 5 Cold., 405. The answer under consider-

ation would not stand this test. But if an action at law can be stayed on account of a pending suit in equity, it must be a suit brought by the same plaintiff, or some person in the same right, for the same matter, and with the same object, and even then, perhaps, only after a decree. *Green* v. *Neal,* 2 Heis., 217; *Moore* v. *Holt,* 3 Tenn. Ch., 142. A suit by a different person, although for the same purpose, would not suffice before decree, for the obvious reason that such person might dismiss it, and no decree ever be rendered. *Mortimer* v. *West,* 1 Swanst., 358; *Gage* v. *Stafford,* 1 Ves., 544; *Macey* v. *Childress,* 2 Tenn. Ch., 26; Dan. Ch. Pr., 633, note 5; *Central R. R. Co.* v. *N. J. R. R. Co.,* 32 N. J. Eq., 67, and reporter's note. If, therefore, the bill was for the same matter, and between the same parties, it would be no answer to this suit. The injunction granted in that case does not inhibit the defendants from asserting their rights in any proper proceeding, nor inhibit the complainants from reinstating the petitioners and paying them their just compensation if they see proper, or if a court of competent jurisdiction should so direct.

It is next argued that the defendants have a discretion to determine whether a teacher is elected or has performed services, and to discharge a teacher; that defendants have, acting under this discretionary power, determined these points against the petitioner; and that their discretion will not be controlled by *mandamus.* The rule undoubtedly is that in all matters requiring the exercise of official judgment, or resting in the sound discretion of the person to whom

Morley *v.* Power.

a duty is confided by law, *mandamus* will not lie, either to control the exercise of that discretion or to determine upon the decision which shall be finally given. But that character of discretion only exists when the law has given the power to decide, with the intent that the decision shall be final unless changed by appeal or review. It does not exist when the act to be done is ministerial upon a given state of facts, although the officer or tribunal or body must judge, according to their best discretion, whether the facts exist, and whether they should perform the act. For, otherwise it is obvious no *mandamus* would ever lie in any case. The right of the petitioner to be reinstated as a teacher turns upon the fact that he was elected by a competent board of directors, entered into the contract required by law, and has been prevented by the defendants themselves from performing his duties as a teacher. These facts do distinctly appear in this record. When, therefore, the defendants say that they have decided that the petitioner was never elected, they simply mean that they have determined to act contrary to the fact and the law. So when they say that they have decided that the petitioner has never performed services which entitle him to compensation, they simply mean, in view of the facts disclosed by their own answer and bill showing that the petitioner has always been ready to discharge his duty and has been prevented by them, that they have willfully violated the obligation of the contract of their predecessors in office. The putting a teacher in the possession of the school buildings, and the issuing to

him a warrant for his compensation according to the
contract, are purely ministerial acts. The directors
must judge, according to their best discretion, of the
existence of the facts and their duty to perform. ˙ But
the discretion is not arbitrary, and is subject to re-
vision by the court upon a *mandamus*, that writ being
the only adequate remedy in such cases.

By the act of 1873, ch. 25, sec. 20, sub-sec. 3,
school directors are authorized "to employ teachers and
to dismiss them for incompetence, improper conduct,
or inattention to duties." The right to employ teach-
ers only exists in the case of a vacancy. It cannot
be exercised while there are teachers already employed
under a valid contract. The right to remove for the
causes mentioned in the act is clear, but the very fact
that the causes of removal are specified, demonstrates
that the discretion is not unlimited. Whenever there
is a limitation in the power, the determination whether
the case is within the power rests with the courts,
not with the officers authorized to remove, for, other-
wise, the limitation would be of no avail, the discre-
tion being practically unlimited. Their judgment as
to what the law allows them to determine, or as to
the extent of their jurisdiction, will be controlled.

The answer says that petitioner was not qualified
to teach, and the defendants decided to discharge him,
and did so. It is not stated that there was any trial
of his qualification, or notice to him of their intended
action; nor is any allusion made to the certificate of
qualification, after examination, given by the county
superintendent to petitioner. It is a rule of the com-

mon law, in accord with the plainest principle of justice, that to warrant the removal of an official under a limited power, specific charges should be made, and, after notice, all witnesses in the matter should be sworn. *Geter* v. *Commissioners*, 1 Bay, 354; *Singleton* v. *Commissioners*, 2 Bay, 105.

There is no pretense of any notice or formal proceedings in this case. The defendants, according to their answer and the statements of their bills, simply notified the petitioner that he was removed. And if the answer had shown the most formal proceedings, no evidence has been introduced to show an exercise of power within the limitation.

The remaining ground alleged in argument is, that the present teachers in the schools should be before the court. But no such point is made in the answer, and there is no proof of there being any teachers in possession under a valid contract. Moreover, any persons claiming under the defendants could stand in no better attitude than they do.

Reverse the judgment, and render judgment here for a peremptory *mandamus* in favor of each of the petitioners with costs.