## ROBISON *v.* HAWKINS.

MANDAMUS. *Payment of bill of costs.' Off-set.* A county was indebted to R, and a warrant was ordered to issue. The chairman of the county court refused to issue the warrant because R was indebted to the county in a bill of costs which the county had paid upon a return of *nulla bona* against R. While the sheriff had the execution R exhibited the receipt of witnesses and clerk, and claimed the bill of costs paid, but the sheriff refused to enter satisfaction and made a return of *nulla bona* and the county paid the same upon petition for *mandamus* against county. *Held,* that the payment to witnesses and clerk was good, and upon return of *nulla bona* the county paid at its peril, and could not off-set the claim of R by the amount of the bill of costs which he had paid.

### FROM CANNON.

Appeal in error from the Circuit Court of Cannon county. ROBERT CANTRELL, J.

H. J. ST. JOHN for Robison.

J. A. JONES for Hawkins.

FREEMAN, J., delivered the opinion of the court.

This is a petition for a *mandamus* against the Chairman of the County Court of Cannon county, to compel the issuance of a warrant for the sum of $21.50, on

Robison *v.* Hawkins.

a claim that had been allowed by an order of the court in favor of petitioner.

It is not denied the county was so indebted, but the chairman resists the claim for *mandamus* on the ground that some time before a judgment had been rendered against petitioner by the circuit court, for carrying a pistol, and costs of the case, amounting to perhaps $35. An execution issued on this judgment on which the sheriff returned *nulla bona*, whereupon the claim was certified to the county for payment, and was paid, and so he claims the right to reimburse the county out of this sum due from the county to plaintiff. The defense is in the nature of a set-off, and if there was nothing more in the case, would be a good defense.

But the petitioner shows in his petition, and proves that he had, in fact, paid $20.90 of the costs included in the bill of costs, to witnesses and a clerk, and had shown his receipts to the sheriff when he went to him with the execution. This being so, the county paid the bill of costs, as said by the Referees, at its peril, and having paid to this extent a debt, which petitioner did not owe, but had paid, no right to receive reimbursement can exist.

The fact the sheriff's return did not show the facts, can make no difference in a case like this, nor can the party be compelled to pay his debt twice, because of his failure to file his receipts with the county court clerk.

The Commission of Referees so report, reversing the judgment of the circuit court, and we affirm their judgment with costs of this and court below.