STATE *ex rel.* D'AMORE *v.* MELTON *et al.*

(*Jackson,* April Term, 1948.)

Opinion filed June 12, 1948.

PEELER & HOLLIS, of Camden, for complainant.

A. BRADLEY FRAZIER, of Camden, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents a bill for *mandamus* filed in the Chancery Court of Benton County, on the relation of Mildred Lashlee D'Amore, individually, and as the legal guardian of John W. Lashlee, Jr., and Frank P. Lashlee, against Roy R. Melton, County Road Supervisor of Benton County, and A. Odle, County Judge of said County. The bill seeks to compel the defendants to pay by County warrant the sum of $770, alleged to be owing by the County to the relators for rent for a garage owned by the relators. It was further alleged in the bill that the rental contract had been authorized and approved by resolution of the Quarterly County Court, and that the defendants had failed and refused to issue warrants in conformity with said resolution after said rent was due and owing. The defendants answered the bill, and on a hearing before the Chancellor on bill and answers, the Chancellor found for the relators and ordered the issuance of the writ for *mandamus*, as prayed.

Appeal from this decree has been perfected only by the Defendant Odle, as County Judge, and his co-defendant Melton has dismissed his appeal, making a formal statement that the decree of the Chancellor was correct and that the sum of $770 as rent, was due and owing the relators and should be paid by the County.

█ In the brief filed to support the appeal there are numerous assignments of error but we decline to consider them severally since they wholly fail to comply with Rule 14 of this Court, 173 Tenn. 873, and especially with " (2) Errors Specified How," since the assignments do not specify "wherein the action complained of is erroneous, and how it prejudiced the rights of the appellant."

The gist of the appellant's position is that while he admits that the relators are the owners of the rented property as heirs of John Wyly Lashlee, deceased, that the bill does not state, and he is not advised of the exact and specific interest of each of the relators in the property. Since the defendant admitted in his answer, that the relators were the owners of the property, and there is no showing or insistence that there is any outstanding interest in third parties, it is not clear how the rights of the defendant are or could be prejudiced by payment of the sum owing to the relators in accord with the Chancellor's decree.

█ After the questions of title and the amount of rent had been settled by the two resolutions of the Quarterly County Court, which are made exhibits to the bill, the present function of the defendant County Judge in signing the warrant is purely ministerial. *Robison* v. *Hawkins*, 80 Tenn. 450; *State ex rel. Groce* v. *Martin*, 155 Tenn. 322, 324, 292 S. W. 451; *Morley* v. *Power*, 73 Tenn. 691, 700.

The first resolution of the County Court described the property as "belonging to the estate of John W. Lashlee," and admitted the property had been used by the County for highway purposes as a garage. In that resolution the present defendants with one other, are directed to find a suitable place for a County garage, and to move

County equipment from the Lashlee property to that property which they had found. Subsequently the defendant Melton reported to the County Court that he could find no other suitable location for a garage, and thereupon the County Court by the second resolution, authorized and directed rental of the Lashlee property at $35 a month, stating that "Mrs. Lashlee would rent the present location for $35 a month." It is admitted that pursuant to this resolution the County did use the property and did fail to pay the rent. It is clear that under the rule of *Robison* v. *Hawkins, supra,* the act of the County Judge now in signing the warrant is purely ministerial, and may be compelled by *mandamus.* Our study of the record convinces us that the Chancellor was thoroughly warranted in making the following finding: "There is not one circumstance set out in the answer to modify the obligation of the County Judge to pay this rent for the months since May 1945."

On account of their failure to comply with Rule 14 of this Court, *supra,* the assignments of error are dismissed and the decree is affirmed at the cost of the appellant.

All concur.