STATE *ex rel.* SMOTHERS v. LYNCH, JUDGE.

(*Nashville,* December Term, 1948.)

Opinion Filed July 9, 1949.

 

FRANK HICKERSON, Winchester, for plaintiff in error.

JOHN F. GREEN, Winchester, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The appeal is by the defendant, County Judge, from a judgment of the Trial Court ordering a writ of *mandamus* against the defendant to compel him to issue a county warrant to relator for $161.42, the cost of certain supplies furnished the Sheriff by the relator for use at the jail.

The claim was filed in the Quarterly County Court and that body passed a resolution approving the claim and directing its payment by county warrant.

██ The County Judge refused to issue the warrant as directed by the resolution of the Quarterly County Court because the Sheriff, in making the purchases, had failed to comply with certain provisions of Chapter 82, of the Private Acts of 1933, as amended by Chapter 225, of the Private Acts of 1943, creating a Purchasing Agent for Franklin County. This Act has no application to appropriations made by the Quarterly Court to pay claims out of the General Fund, and even though the validity of the claim is disputed, it has been held that the Quarterly Court has authority to make an appropriation to settle the claim. *State* v. *Ferriss*, Tenn. Ch. 56 S. W. 1039 (*certiorari* denied by the Supreme Court).

The case of *State ex rel* v. *Trotter,* 142 Tenn. 160, 218 S. W. 230, cited by the defendant, is clearly distinguishable, because there, there had been no appropriation by the Quarterly Court and the suit was brought by the Sheriff, who had exceeded his authority, against the County Judge, to compel by *mandamus* the exercise of a discretionary power.

The case of *Whitesides* v. *Stuart,* 91 Tenn. 710, 20 S. W. 245, one of the defendant's authorities, is also distinguishable on the facts because in that case (1) there had been no resolution by the Quarterly Court admitting the correctness of the claim and directing its payment, and (2) the County Judge disputed the indebtedness and the amount of the claim, and there being no resolution, he was vested with discretion which he could not be compelled to exercise by writ of *mandamus.*

Here, the resolution directing the issue of the warrant and payment of the claim amounted to an appropriation which the Quarterly Court had authority to make out of the General Fund, *Macon County* v. *Dixon,* 20 Tenn. App. 425, 100 S. W. (2d) 5.

In all essentials, this case is identical with that of *State ex rel. D'Amore* v. *Melton,* 187 Tenn. 548, 212 S. W. (2d) 375, and ruled by it. There, the Quarterly Court approved a claim against the County, and by resolution, directed its payment. This Court held that after the Quarterly Court had considered and approved the claim against the County and directed its payment by formal resolution that the County Judge had no discretion but to pay the claim, that the issue of the warrant was a mere ministerial act which might properly be compelled by *mandamus,* citing *Robison* v. *Hawkins,* 80 Tenn. 450; *State ex rel. Groce* v. *Martin,* 155 Tenn. 322, 324, 292 S.

W. 451; *Morley* v. *Power,* 73 Tenn. 691, 700. The facts in the record before us are, to all legal intent, essentially the same.

On the authority of *State ex rel. D'Amore* v. *Melton, supra,* the assignments of error are overruled and the judgment affirmed.

All concur.