# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs August 2, 2012

## WILLIAM R. ADAMS ET AL. v. MARIA WALKER GARDINO

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000088-5     Kay S. Robilio, Judge**

_____

**No. W2011-00773-COA-R3-CV - Filed September 17, 2012**

_____

The appellant filed a single-page brief on appeal that fails to comply with the Tennessee Rules of Appellate Procedure.  As a result, we dismiss the appeal.

**Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which JUDGE DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

William R. Adams, Memphis, Tennessee, *pro se*

Robert A. Cox, Edwin E. Wallis, Memphis, Tennessee, for the appellee, New Hampshire Insurance Company

**OPINION**

**I. FACTS & PROCEDURAL HISTORY**

The appellant, William R. Adams, was the plaintiff in a suit arising out of a car accident. The lawsuit was dismissed with prejudice on March 4, 2011, and Mr. Adams timely filed a notice of appeal.

On September 1, 2011, the appellee, New Hampshire Insurance Company, filed a motion to dismiss this appeal due to Mr. Adams' failure to comply with Rule 24 of the Tennessee Rules of Appellate Procedure.[1] Mr. Adams filed a response, and we granted him an extension of time within which to comply with Rule 24. After that extended deadline had passed, Mr. Adams filed a motion requesting additional time to comply with Rule 24, but he failed to serve a copy of his motion on counsel for the appellee.[2] Despite this procedural defect, we granted Mr. Adams another extension time within which to comply with Rule 24, but we instructed him to comply with Rule 20's provision regarding service of papers if he submitted any additional pleadings in this matter.

On April 24, 2012, the appellee filed another motion to dismiss this appeal due to Mr. Adams' failure to file a brief. Mr. Adams filed a response, and this Court granted Mr. Adams an additional amount of time to file his brief, extending the filing deadline until May 21, 2012.

On that date, Mr. Adams filed a short handwritten "Motion" asking this court "to supplement file information with additional unavailable documents that will help clear and consise for a fair judgement (sic)."[3] Also on May 21, 2012, Mr. Adams submitted a handwritten document entitled "Brief" in a blue folder. Aside from the date and case style, the "Brief" stated, in its entirety:

I William R. Adams is writing thanking the Court for understanding the

---

[1] If the appellant fails to file a transcript or statement of the evidence within the time specified in Rule 24, or fails to follow the procedure in Rule 24 when no transcript or statement is to be filed, "any appellee may file a motion in the appellate court to dismiss the appeal." Tenn. R. App. P. 26(b).

[2] Rule 20(b) of the Tennessee Rules of Appellate Procedure provides that "[c]opies of all papers filed by any party shall, at or before time of filing, be served by a party or person acting for that party on all other parties to the appeal or proceeding. Service on a party represented by counsel shall be made on counsel."

[3] By order of May 31, 2012, this Court denied the motion to supplement because it failed to specify the documents with which Mr. Adams sought to supplement the record.

situation of my status – disabled, pain depressed moderate. Hence forth informing the Court of Appeals that I'm requesting addition documents to support and give more information possibly need to help court of Appeals to make fair judgement on this case name above case style to suppliment motion related information (sic).

The appellee filed a brief in response, asking this Court to dismiss the appeal on various grounds.

## II. DISCUSSION

Throughout these appellate proceedings, Mr. Adams has failed to comply with numerous rules found in the Tennessee Rules of Appellate Procedure. Despite our previous instruction to Mr. Adams to serve pleadings on counsel for the appellee, he failed to serve a copy of his Brief on opposing counsel. More importantly, the content of Mr. Adams' brief is woefully inadequate. The only request made in Mr. Adams' single-page Brief was for "addition[al] documents to support and give more information possibly need[ed] to help" this Court make a fair decision. We have no idea what type of documents Mr. Adams seeks. For that reason, we have already denied his separately filed motion to supplement the record. Aside from this issue, Mr. Adams' brief did not present a single fact or argument regarding what transpired before the trial court. His brief wholly fails to comply with Rule 27's provisions regarding the content of briefs. He did not include a single reference to the appellate record or to any law. Perhaps the most glaring omission is that he did not raise any issues to suggest that the trial court erred in dismissing his case.

This Court will not blindly search the record to determine if any errors were committed. *See **Owen v. Long Tire, LLC***, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) ("this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed"). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010).

[P]arties must thoroughly brief the issues they expect the appellate courts to consider. This principle is reflected in Tenn. R. App. P. 13(b) which provides that, with the exception of issues involving the subject matter jurisdiction of the trial and appellate courts, appellate review "generally will extend only to those issues presented for review." Thus, appellate courts may properly decline to consider issues that have not been raised and briefed in accordance

with the applicable rules. See *State ex rel. D'Amore v. Melton*, 186 Tenn. 548, 550, 212 S.W.2d 375, 376 (1948).

*Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009). "We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." ***Commercial Bank, Inc. v. Summers***, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at \*2 (Tenn. Ct. App. July 11, 2011).

While we realize the "legal naivete" of a pro se litigant such as Mr. Adams, "we must not allow him an unfair advantage because he represents himself." ***Frazier v. Campbell***, No. W2006-00031-COA-R3-CV, 2006 WL 2506706, at \*3 (Tenn. Ct. App. Aug.31, 2006) (citing *Irvin v. City of Clarksville*, 767 S.W.2d 649, 651-52 (Tenn. Ct. App. 1989)). "Pro se litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." ***Irvin***, 767 S.W.2d at 652 (citing *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I.1987)). They are entitled to fair and equal treatment, but they must follow the same substantive and procedural requirements as a represented party, and they may not shift the burden of litigating their case to the courts. ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).

### III. CONCLUSION

Because of Mr. Adams' failure to comply with the letter and spirit of the Rules of Appellate Procedure, we hereby dismiss this appeal. *See **Duchow v. Whalen***, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993). Costs of the appeal are taxed to the appellant, William R. Adams, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, P.J., W.S.