Caruthers, J.,
delivered the opinion of the Court.
The plaintiff in error was presented for unlawful gaming, at the October Term of-the Circuit Court of DeKalb, for 1858. That term of the court was held by John P. Murry, who had been appointed by the Governor to fill the vacancy occasioned by the death of the Honorable John L. Goodall, until the election was made by the people. - At the February Term, 1859, upon his arraignment he filed a plea in abatement, that the said John P. Murry, who presided at the term of the court at which he was presented under the pro tern, appointment of the Governor, was under thirty years of age, and therefore not competent to exercise the functions of a Judge of the Circuit Courts, in this State. A demurrer to this plea was sustained by the court, and that is the error assigned for reversal.
It is true the constitution requires a Circuit Judge to be thirty years of age. But if the appointing power confers the *691 office upon one who is not competently that test the question is as to the effect upon his judgments, while he occupies and acts in the position. We think it is well settled that the judgments and official acts of an officer, defacto, are binding and valid, and the competency of the functionary acting under commission cannot be enquired into by parties affected by them. This principle was adopted through necessity to save the rights of persons having an interest in them, and to prevent a failure of justice. The doctrine is referred to and recognized in Moore v. The State, 5 Sneed, 514, and an unreported case at the last term here, and is more fully discussed in a case decided at the last term at Jackson, yet in manuscript. This renders it unnecessary, if not improper, to enter again into the argument and citation of authorities. The Govern- or’s commission renders the functionary competent, and clothes him with powers of the office so far as his official acts are brought in question, by the parties concerned in, or affected by them. He may be removed from the office, and his powers terminated by the proper proceedings, but until that is done, his acts are binding.
The presentment was made at a term held by Judge Murry, but the arraignment and plea was at the next term, before Judge Eite, who had been regularly elected and commissioned Judge of that Circuit.
We think the judgment sustaining the demurrer was right, and it is affirmed.