STATE, *ex rel.* RAMBO, *v.* MALONEY.

(*Knoxville.*    November 5, 1892.)

1. COUNTY JUDGE.  *His term of office.  Example.*

A county judgeship for Knox County was created by Acts 1887, Chapter 148, and the term of office fixed, by the statute, at *four* years.  Maloney was elected in 1888 to fill said office for said term.  In 1892 Rambo was elected as his successor.  Maloney refused to surrender the office upon Rambo's demand, and insisted that he was entitled to hold the office for the full term of eight years allotted to Judges of "inferior Courts" by the Constitution.  Rambo brought this suit to oust Maloney.

*Held:* That Maloney's term expires, under Constitution of 1870, on first of September, 1894.  The statute is unconstitutional and void, so far as it undertakes to fix the term at four years.  Maloney holds, not for a full term of eight years from date of his election, but only for the unexpired judicial term—viz., six years.

Constitution construed: Art. VI., Secs. 1, 2, 3; Art. VII., Sec. 5.

Act construed: Acts 1887, Ch. 148.

2. SAME.  *Is a Judge of an inferior Court.*

A County Judge is a Judge of an inferior Court within the meaning of those clauses of the Constitution which authorize the creation of "other inferior Courts" in addition to those specifically named, and provide for election of Judges for said Courts, and prescribe their terms of office at eight years.

Constitution construed: Art. VI., Secs. 1, 2, 3; Art. VII., Sec. 5.

Cases cited and approved: State *v.* Glenn, 7 Heis., 472; State *v.* McKee, 8 Lea, 24; State *v.* Leonard, 86 Tenn., 485.

3. SAME.  *Vacancy in, filled only for unexpired term.*

The judicial term is uniform under Constitution of 1870, the first term beginning first of September, 1870, and ending first of September, 1878, and a new term beginning at the latter date, and at the expiration of each succeeding term of eight years thereafter.  Vacancies occurring during a judicial term are filled, not for a full term of eight

years from the date of occurrence, but for the unexpired judicial term. A county judgeship created during a judicial term, is, in legal contemplation, a vacancy, and filled as such.

Constitution construed: Art. VII., Sec. 5.

Cases cited and distinguished: Powers *v.* Hurst, 2 Hum., 24; Brewer *v.* Davis, 9 Hum., 209; Keys *v.* Mason, 3 Sneed, 8.

## FROM KNOX.

Appeal from Chancery Court of Knox County. S. T. LOGAN, J., sitting by interchange.

WASHBURN, TEMPLETON, PICKLE & TURNER for Rambo.

JAMES COMFORT and HENDERSON & JOUROLMON for Maloney.

CALDWELL, J. This case involves the title to the office of County Judge of Knox County. It is an "agreed case," submitted to the Chancery Court upon the following written stipulation:

"The aforesaid parties, stated as complainant and respondent in the caption hereof, beg leave to submit to your Honor's adjudication an agreed case, upon the following state of facts, which they aver are real facts, and that the matters in controversy between them constitute a real controversy, to wit: The defendant, George L. Maloney, at

the regular August elections for the county of Knox, in the year 1888, was elected County Judge of Knox County, under the Act of the Legislature of 1887, Chapter 148, page 258, and was duly commissioned and qualified, under the provisions of said Act, to fill said office of County Judge of Knox County, agreeably to the Constitution and laws, during the term, with all the powers, privileges, and emoluments thereunto appertaining by law; and, for the term of four years from that time, has occupied said office.

"At the regular August elections for said county in the present year (1892), the relator, T. A. Rambo, offered himself as a candidate for said office, had no opposition, and received all the votes cast in said election for said office, and was declared by the officer holding said election duly elected thereto; and, in pursuance thereof, received his commission from the Governor, and has qualified as such County Judge, under said statute; and, on the first Monday in September after said election, and after his commission and qualification as aforesaid, he applied to the defendant, George L. Maloney, to be inducted into said office, and demanded of him the books, records, and papers of said office, which demand the said George L. Maloney refused, and he continues to hold said office and the possession of said books, records, and papers, insisting that he is entitled to hold said office under his said election, and under the Constitution of the State, for a term of eight years from the date

thereof, or of four years from the first Monday of September, 1892.

"During his occupancy of said office, the said Maloney has performed the duties imposed upon him as such County Judge, by the Act above referred to, and has received the salary therein provided and allowed, the same having been paid by said county, as directed by said statute. In addition thereto, the said Maloney has been acting as a Turnpike Commissioner for Knox County, under the provision of § 1491 of Milliken & Vertrees' Code of Tennessee, and subsequent sections, and, for such services, has received from said county, in addition to the salary above named as County Judge, a salary of $100 for the term of one year, and $150 per annum for two years.

"He has likewise, during his term of office as such County Judge, been acting as one of the Board of Commissioners of the work-house of Knox County, under Act of 1891, Chapter 123, and, for such services, has received from the County Trustee of said county, in addition to the salaries above mentioned, the sum of $50.

"Since he has been acting as such County Judge, he has investigated the accounts of former Trustees of Knox County, and discovered a default of two of said Trustees, or a discrepancy in their settlements, upon which there was found due to said county the sum of about $33,000, which has been partly recovered and paid into the county treasury, and the rest secured. For his services in this re-

5—8 p

gard, he was allowed and paid by the County Court, in addition to all sums hereinbefore mentioned, the sum of $600, which was the amount of the commission that said Trustees would have received had they settled without defalcation.

"During his said term of. office, he also acted, under appointment of said County Court, as a commissioner or a member of a building committee to build a new jail for said county, for which service he was paid by said county the sum of $250. Also during his said term of office, and before the passage of the work-house Act of 1891, Chapter 123, he acted as a member of a committee appointed by' said Court to superintend the work-house of said county, for which service he was paid by said county $300 for two years' service.

"Upon these facts the parties to this agreed case pray your Honor to adjudge whether the said George L. Maloney is entitled to retain and hold said office for the full term of eight years from the date of his said election, as he now contends, or until the next regular election for judicial officers of the State of Tennessee, two years hence, or for any time beyond the first day of September, 1892, and the commissioning and qualification of his successor; and, if not, that your Honor adjudge his removal from office, and that the relator herein be inducted into said office as his duly qualified successor thereto. And also that your Honor will adjudge all questions of law legitimately arising out of the facts of this case,

as hereinbefore stated, and grant all such relief to the plaintiff and relator herein as he shall be justly entitled to in your Honor's Court upon the facts of this case."

Upon the foregoing facts the Court adjudged and decreed that "the respondent, G. L. Maloney, is entitled to hold the office of County Judge of Knox County for the constitutional term of eight years (8 years) from the date of his commission, and that the application of the relator to be inducted into said office must be denied."

From that decree the relator has appealed.

Generally the counties of this State have no County Judges. Where they exist, it is by virtue of special statutes.

The office of County Judge of Knox County was created by Chapter 148 of the Acts of 1887. By the first section of the Act the term of the office was expressly limited to four years. If that limitation be valid, the term of Maloney has expired, and Rambo is entitled to the office. How that is, depends upon certain provisions of the organic law. Sections 1, 2, and 3 of Article VI. of the Constitution of 1870, so far as relating to this question, are in the following words:

" SECTION 1. The judicial power of this State shall be vested in one Supreme Court, and in such Circuit, Chancery, and other inferior Courts as the Legislature shall, from time to time, ordain and establish, in the Judges thereof, and in Justices of the Peace. * * *

"SEC. 3. The Judges of the Supreme Court shall be elected by the qualified voters of the State. * * * Every Judge of the Supreme Court shall be thirty-five years of age, and shall, before his election, have been a resident of the State for five years. His term of service shall be eight years.

"SEC. 4. The Judges of the Circuit and Chancery Courts, and of other inferior Courts, shall be elected by the qualified voters of the district or circuit to which they are to be assigned. Every Judge of such Courts shall be thirty years of age. * * * His term of service shall be eight years."

A County Judge is a Judge of one of the "inferior Courts" contemplated by those provisions of the Constitution. That construction is so well-settled that no discussion of the question is necessary in this case. *State of Tennessee v. Glenn*, 7 Heis., 472; *State of Tennessee v. McKee*, 8 Lea, 24; *State of Tennessee v. Leonard*, 2 Pickle, 485.

It follows that "his term of service shall be eight years," and this is true though the Legislature, in creating the office, may have attempted to limit the term to a shorter period. In such a conflict, the Act being otherwise valid, the words of the Constitution must prevail, and those of the statute, to the extent of the antagonism, must be entirely disregarded as null and void. Such was the holding of the Court in the case last cited, at page 488.

The limitation of the term, by the first section

of the Act under consideration, is, therefore, inoperative and void, and Maloney is entitled to hold his office without reference thereto, and just the same as if no such limitation had been incorporated in the statute.

Thus far it has been established that a County Judge is a judicial officer within the meaning of the Constitution, and that his term of service, like that of any other Judge, is eight years. Does it follow that Maloney's incumbency, beginning, as it did, September 1, 1888, may continue, without another election, until September 1, 1896, as adjudged by the Chancellor?

Clearly, it would have been so under the Constitution of 1834; for, by that instrument, the incumbent of a public office was entitled to hold and enjoy it for the full constitutional term, without regard to the time of the beginning of his incumbency, provided only that he had been legally elected and inducted into the office in the first instance. *Powers* v. *Hurst*, 2 Hum., 24; *Brewer* v. *Davis*, 9 Hum., 209; *Keys* v. *Mason*, 3 Sneed, 8.

The rule is different, however, under the Constitution of 1870. This is evident when Sections 3 and 4 of Article VI. are considered in connection with Section 5 of Article VII. The first two sections have already been quoted; the last one is as follows:

"ARTICLE VII., SECTION 5. Elections for judicial and other civil officers shall be held on the first Thursday in August, one thousand eight hundred

and seventy, and forever thereafter on the first Thursday in August next preceding the expiration of their respective terms of service.

"The term of each officer so elected shall be computed from the first day of September next succeeding his election. The term of office of the Governor and other executive officers shall be computed from the fifteenth of January next after the election of the Governor. No appointment or election to fill a vacancy shall be made for a period extending beyond the unexpired term. Every officer shall hold his office until his successor is elected or appointed and qualified. No special election shall be held to fill a vacancy in the office of Judge or District Attorney, but at the time herein fixed for the biennial election of civil officers. And such vacancy shall be filled at the next biennial election occurring more than thirty days after the vacancy occurs."

By these provisions a new era in the political history of the State is established. A certain day is named, from which all official life thereafter shall be reckoned. Absolute uniformity in the time for the commencement and termination of every official term of officers of the same grade throughout the State is positively ordained. Though such uniformity had been of but small moment under the Constitution of 1834, it is now made paramount.

The beginning, duration, and ending of every judicial term are definitely fixed and made unalterable. The first term began September 1, 1870,

State, *ex rel.* Rambo, *v.* Maloney.

continued eight years, and expired September 1, 1878. The second term began September 1, 1878, and expired September 1, 1886. The third term, during which the respondent, Maloney, was elected, began September 1, 1886, and will expire September 1, 1894. And thus are all terms to begin and end at intervals of eight years from September 1, 1870. No "term," as such, can begin or end otherwise. The Constitution, in effect, divides the future into periods of eight years, beginning with September 1, 1870, and calls each period a judicial term. Beyond the end of no one of those periods can any Judge hold without election for the next period.

The language, "no appointment or election to fill a vacancy shall be made for a period extending beyond the unexpired term," was introduced into the Constitution of 1870 to further insure uniformity in the official terms of officers of the same grade by affirmatively altering the rule existing under the Constitution of 1834.

It applies equally to cases where the appointment or election may be made to fill an office for the first time, and where it may be made to fill one whose previous incumbent has died, resigned, or been removed.

The word "vacancy" covers both cases. Bouvier says a vacancy is "a place which is empty;" and, further, that "the term is principally applied to cases where an office is not filled."

Webster defines it as "a place or post unfilled; an unoccupied office."

There is a vacancy in every instance in which there is an office without an incumbent. Every office without an officer is vacant. Therefore, every new office created must of necessity be vacant from the time of its creation until it is filled by appointment or election.

The words, "unexpired term," as employed in the sentence just quoted, likewise have a twofold meaning and application. As applied to judicial offices, they signify the future portion of any particular period of eight years, computed from September 1, 1870, for which an appointment or election is to be made. They include the case in which the office to be filled is a new one, to be occupied for the first time, as well as that in which the office has been occupied before, and is made vacant by death, resignation, or removal.

Maloney was inducted into office at the end of the first quarter of the third judicial term under the Constitution of 1870, and is entitled to hold the office for the remainder of that term, which will end September 1, 1894.

The right of Maloney to receive and retain other compensation than the regular salary of his office cannot properly be adjudged in this case. That is a question in which the relator, Rambo, has no interest, and which therefore he cannot litigate.

For reasons herein stated, the suit is dismissed.