STATE *ex rel.* GROCE *v.* CLYDE MARTIN, COUNTY JUDGE.*

(*Nashville.*  December Term, 1926.)

Opinion filed April 9, 1927.

1. MANDAMUS. Public officer. County judge.

Mandamus is a proper remedy to compel the performance of an act, where such act, is ministerial in its character, and the relator is without other remedy. (Post, p. 323.)

Citing: State ex rel. v. Chambers Judge, Knoxville, Oct. Term, 1924; White's Creek Turnpike Co. v. Marshall, 2 Baxter (61 Tenn.), 104-124.

2. SAME. Same. Same.

The official judgment of the county judge cannot be controlled by mandamus.  (Post, p. 324.)

Citing: Whiteside v. Stewart, 91 Tenn., 710, 5 Lea (73 Tenn.), 691; High. Ex. Leg. Rem., sec. 101, 102.

Citing and distinguishing: Robinson v. Hawkins, 80 Tenn. (12 Lea), 450.

3. SUPREME COURT JURISDICTION UPON APPEAL. Acts 1925, ch. 100.

In civil actions, unless the cause is within the exception provided in section 10, chapter 100, Acts of 1925, this court is without jurisdiction, upon appeal.  (Post, p. 324.)

---

*Headnotes 1. Mandamus, 38 C. J., section 406; 2. Mandamus, 38 C. J., sections 258, 259; 3. Courts, 15 C. J., section 552.

---

FROM PICKETT.

---

Appeal from the Chancery Court of Pickett County. —HON. W. R. OFFICER, Chancellor.

E. C. KNIGHT, and T. T. McCARLEY, for Groce.

A. F. OFFICER and C. J. CULLOM, for Martin.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a decree dismissing a bill for mandamus to compel the county judge to issue to the county superintendent of education his warrant for the sum of $650 alleged to be due for salary. The indebtedness is denied, except $150 admitted to be due, and paid pending the suit, which amount the county judge answers, "he believes and is advised is all that is due the Relator."

In the view we take, it is unnecessary to set forth more in detail the disputed issues. If upon no other ground, the decree of the Chancellor must be affirmed because mandamus does not lie to compel the judge, or Chairman, of a County Court to issue his warrant for a claim the correctness of which he denies. This court recently so held in *State ex rel. Potter* v. *Chambers, Judge,* Knoxville, Oct. term, 1926. It is well settled that only ministerial acts can be so controlled. *White's Creek Turnpike Co.* v. *Marshall,* 2 Bax. 104, 124. In that case it was said that, "this writ is only used in cases where the act to be done is merely ministerial, and the relator is without other remedy." And in *Whiteside* v. *Stuart,* 91 Tenn., 710, it was directly held that a county judge could not be thus controlled. The court said: "The county judge-has passed and acted upon the claim of petitioner, as presented, and his official judgment is against the claim, and the award of a peremptory writ would be to compel him to act contrary to his judgment. Whether to issue the warrant or not, as claimed by petitioner, de-

pends upon the exercise of official judgment by the defendant, and rests in his sound discretion, and cannot be controlled by mandamus.'' 5 Lea, 691; High. Ex. Leg. Rem., secs. 101, 102.

As was remarked in that case, upon refusal by the county judge to issue his warrant, the claimant has his remedy by suit against the county.

While a writ of mandamus was issued against the Chairman of the County Court in the case of *Robinson* v. *Hawkins,* 80 Tenn. (12 Lea), 450, it appears that the County Court in that case had passed upon and allowed the claim, and that it was not denied that the county was so indebted.

The sole remedy sought in the instant case is that of mandamus. The county of Pickett is not sued, nor made a party. If, therefore, the bill cannot be maintained as a mandamus proceeding, it must fail altogether, and the complainant be relegated to his action against the county. Moreover, unless properly maintainable as a mandamus suit, this court is without jurisdiction of this appeal, since the Act of 1925, chapter 100. Affirmed.