MAURY COUNTY *v.* WHITTHORNE, COUNTY JUDGE, *et al.*

(*Nashville*, December Term, 1938.)

Opinion filed April 1, 1939.

C. D. HOPKINS, of Columbia, for appellants.

PRIDE TOMLINSON, of Columbia, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed under the declaratory judgments law for the purpose of determining whether the quarterly court of Maury County had authority under Code, section 10242, subsection (3), to appropriate county revenue for office rent to aid in the administration of what is commonly called the Social Security Acts of the State and of the Works Progress Administration, a federal agency designed to furnish employment to poor persons.

The benefits under these laws are dispensed from a regional office to persons within a district composed of particular counties with a central office in a single county. The State and federal government require as a condition precedent to the selection of the location of the central office of the dispensing agencies that the county selected furnish office space. Maury County was selected and the quarterly court appropriated seven hundred and twenty dollars a year to provide office space.

The question presented by the bill and answer is whether the quarterly court had power to make the appropriation under Code, section 10242, subsection (3), which authorizes the appropriation of county revenue to aid the poor.

The acts under which the State Social Security Law is administered are Chapters, 49, 50, and 51, of the Public Acts of 1937. They provide benefits for poor persons over the age of sixty-five, for indigent children and indigent blind persons, and the beneficiaries are selected and distribution made to them from the regional office. Federal Works Progress Administration, designed to aid poor persons out of employment, is also administered from that office, but by federal employes.

While the quarterly court has no authority to appropriate money for any other purpose than those

enumerated in Code, section 10242, or by a subsequent statute (*Hagan* v. *Black*, 159 Tenn., 290, 17 S. W. (2d), 908), the sub-section referred to authorizes the appropriation of general county funds to aid or support poor persons. While the agencies administering the social security law and the employment of poor persons under the Works Progress Administration are State and Federal agencies, Maury County shares in providing revenue under the State law and the county judge cooperates with the State agency in selecting the beneficiaries, thus combining the benefits and making them peculiarly accessible to poor persons in Maury County. As said in *Ransom* v. *Rutherford County*, 123 Tenn., 1, 25, 130 S. W., 1057, Ann. Cas., 1912B, 1356, involving the county's contribution to a State school, there is no obstacle in the way of the State and county combining. The statute authorizing the appropriation by counties of benefits to poor persons imposes no limitation upon the method or means through which the appropriation shall be administered and prescribes no agency for distribution of the benefits so provided. This being so, we find no obstacle in the way of the county cooperating with agencies designed for the distribution of money appropriated for the benefit of poor persons of the county.

There is no error in the declaratory decree of the chancellor holding in substance that Code, section 10242, authorizing the appropriation of general revenues of the county for support of poor persons, empowered the court to appropriate money for the rent of offices for use in the organized and combined effort of the county, State, and federal government, to render financial aid to the poor of Maury County; and that the location of the office of such agencies in Maury County inured to

the benefit of the aged, crippled, and to dependent children, and to unemployed poor persons of the county.

The costs will be adjudged against the county.

Affirmed.