VANDERGRIFF *v.* SEEBER.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

SIDNEY DAVIS, of Clinton, for appellant.

WALTER FISHER, of Clinton, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

There are two cases in this appeal bearing the same style but numbered 5904 and 5905, respectively, in the court below.

In the first case filed, the Sheriff has mandamused the county judge to pay him out of the public funds of Anderson County the sum of three hundred and eighty six dollars and ninety seven cents ($386.97), claimed as a shortage due the Sheriff by reason of certain expenses of the office and claimed to be due pursuant to section 2, chapter 156 of the Public Acts of 1947. The constitutionality of this Act is duly questioned.

In the second case, the Sheriff asked for and was granted, a peremptory writ of mandamus requiring the county judge to pay his salary of sixteen hundred and sixty six dollars and sixty four cents ($1666.64), being the salary claimed due the said Sheriff during a period of four months while he was out of office due to ouster proceedings. The Sheriff was reinstated in office by this Court on appeal.

In both cases the Chancellor granted the peremptory writ of mandamus as requested. The county judge, in his offical capacity, made due application to a member of this Court for *supersedeas* and for a writ of error in each case which were granted. The cases have since been argued before the entire court.

The determinative question in the first case is likewise largely determinative of the second case. The question is: Is Section 2, Chapter 156 of the Public Acts of 1947, constitutional and applicable to the Sheriff of Anderson County, Tennessee?

The caption and the Act are as follows:

"An Act To Amend Sections 10734 and 10743 of the Code of Tennessee as set out in Chapter 13 of Title 12 of said Code.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That Section 10734 of the Code of Tennessee, as set out in Chapter 13 of Title 12 of said Code, be amended by adding at the end of said Section the following:

" 'That in addition to the deputies and assistants herein provided for in said Chapter 13 or any amendment thereto, for the Sheriffs of the various counties in the State, the Sheriffs in counties having a population of not less than 178,000 and not more than 180,000 according to the Federal Census of 1940 or any subsequent Federal Census, shall be authorized and empowered to appoint a Chief Deputy Sheriff whose salary shall be two Hundred Fifty ($250.00) Dollars per month, and to employ sufficient number of Deputies Sheriff to wait upon the Criminal Courts of the County and to employ sufficient number of Deputies Sheriff to be attached to the services incident to the jail and commonly

known as the jail crew, whose compensation shall be One Hundred Seventy-Five ($175.00) Dollars per month, payable in the manner and form as their present compensation is now paid, providing, however, that the entire number of salaried Deputies under said Chapter 13 and this Act shall not exceed thirty-five (35).'

"Sec. 2. Be it further enacted, That Section 10743 of the Code of Tennessee as set out in Chapter 13 of Title 12 of said Code be amended by adding at the end of said Section the following:

" 'Provided, that in the event that the fees, etc., collected by the Sheriffs, in any of the counties within the provisions of this Act do not in any month amount to a sum sufficient to pay all other necessary and legitimate expenses incurred in the proper and efficient administration of his office, including the compensation of the Sheriff, then the shortage of such compensation and expenses as herein provided shall be paid out of the public funds of said counties, each month.'

"Sec. 3. Be it further enacted, That all laws and parts of laws in conflict with this Act be, and the same are hereby repealed, and this Act shall take effect from and after its pasage, the public welfare requiring it."

The first suit is bottomed on the applicability of section 2 of the act above quoted to Anderson County, a county of the third class within the purview of Chapter 13, Title 12 of the Code of Tennessee 1932 as set forth in Section 10727 of said Code. The theory of the bill is that under section 2 of the above quoted act the complaining sheriff is entitled to a flat salary of at least $5,000.00 per year or $416.16 per month; that for the month of December 1947, his legitimate expenses plus his salary, exceed the collected fees of his office by the sum of $242.73, and that

therefore the county owes him this amount, to bring his monthly salary up to $416.16. It is also averred that by reason of an admitted unconstitutional private act the county holds the sum of $126.24 which belongs to the Sheriff.

The second suit is likewise bottomed on section 2 of the act above quoted. The theory of this suit is that the Sheriff was unlawfully ousted from his office for a period of four months and that he is entitled to pay for these four months based on a fixed salary as set forth in our narration of suit one.

Chapter 13 of Title 12 of the Code of Tennessee 1932 is a codification of the Anti-Fee Bill under Code, Sections 10725-10748 inclusive. The various sections of the Anti-Fee Bill have been ably summarized in an opinion of this Court as prepared by the late Mr. Justice Cook in *Jellicorse, County Trustee* v. *Russell*, 156 Tenn. 411, 1 S. W. (2d) 1011, 1012, wherein it is said:

"When considered altogether, the provisions of the act very clearly express the intention of the Legislature to appropriate to the county wherein they arise all fees derived from a county office in excess of expenses of the office and the maximum salary. Both the salary and office expenses, except as otherwise provided by enabling acts such as section 6393, Shannon's Code, must be derived from the fees and emoluments of the office, and the act nowhere authorizes *any* officer *to make a* charge for salaries and premiums on bonds against county revenue derived from taxation." (Emphasis ours.)

Code Section 10743 provides:

"In case the fees, etc., collected by such officer do not amount to a sum sufficient to pay the expenses of the office as herein provided, together with the salary or

salaries of such deputy or deputies and clerks, as may be allowed said office, and also the salary of said officer as provided, then the said officer shall not receive the salary as herein provided, but shall be entitled to the fees collected in said office.''

The section of the act in question attempts to amend this code section ''by adding at the end of said Section the following:'' Then follows section 2 of the Act hereinabove quoted by reading the original section and the proposed amendment it is seen that they provide oppo-. sites. The amended section purports to allow ''Sheriffs, in any of the counties within the provisions of this Act'' the full amount of his salary as fixed, whether or not he earns the amount, from ''the public funds of said counties each month.''

■ ''It is the duty of the court, in the interpretation of the statute here in question, to ascertain and give effect to the legislative intent. *Athens Hosiery Mills* v. *Thomason*, 144 Tenn. 159, 231 S. W. 904; *State ex rel.* v. *Howse*, 132 Tenn. 452, 178 S. W. 1110. The intent of the statute as a whole must be determined. *Hedges* v. *Shipp*, 166 Tenn. 451, 62 S. W. (2d) 49. Its meaning is to be determined, not from special words in a single sentence or section, but from the act taken as a whole, and viewing the legislation in the light of its general purpose. *Board of Park Commissioners* v. *Nashville*, 134 Tenn. 612, 185 S. W. 694.'' *Cummings* v. *Sharp*, 173 Tenn. 637, 642, 122 S. W. (2d) 423, 424.

■ Applying the above well recognized rule of interpretation to the instant act we find that the first section of the act applies only to counties ''having a population of not less than 178,000 and not more than 180,000, according to the Federal Census of 1940 or any subse-

quent Federal Census . . .". (Anderson County has a population of only 26,504). The second section applies to "the Sheriffs, in any of the counties within the provisions of *this Act* . . ."

In section one of the act is found these words: "That in addition to the deputies and assistants herein provided for in said chapter 13 or any amendment thereto . . . ". In section two of the act no reference is made to chapter 13, but only the words "this Act". This certainly indicated an intention on the part of the Legislature to make section two applicable only to section one of the act.

A normal interpretation of this last quoted portion of section 2 of the act clearly indicates the intention of the Legislature to make this proviso apply only to counties within the classification of the first section of the act. If it had been intended to apply this second section to all counties, including Anderson County, it seems the Legislature would have used words somewhat as follows: "in any of the counties within the provision of said Chapter 13 to which this section as amended was applicable prior to this amendment:"

Even though this second section purports to amend Code section 10743 it is in effect only a proviso to the first section of the act within which it is found. Under such circumstances its application should be limited to the amendatory statute in which it is found.

It might be very plausibly argued that since the caption of the Act is merely to amend certain Code sections that then the amendments made to the different sections have no relation with and to the preceding sections. Normally this reasoning would be correct. In the instant case

though, the clear intent seems to be to connect the one section with the other for the reasons above given.

The statute which is attempted to be amended limits the amount of money of the various officials to their earnings from the fees of their respective offices, provided these fees do not exceed a certain amount according to the classification of the officer. The attempted amendment takes from the county general funds a sufficient amount to bring the *Sheriff's* earnings up to the maximum salary allowed within his classification regardless of whether or not he earns the amount. If this amendment is held applicable to Anderson County it in effect means that the smallest county in the State must pay out of its general funds $5000.00 per annum to its Sheriff even though he only earns a much smaller amount. This is not a reasonable and fair construction to place on this act. If the Legislature intends to place all Sheriffs on a graduated salary to be paid from the general funds of the county they should say no in plain language and not by an abortive amendment as is now before us.

We are forced to conclude that this amendment, Section 2 of Chapter 156, of the Public Acts of 1947, is not applicable to Anderson County.

Having reached this conclusion it necessarily follows that the writ granted by the Chancellor, in the first case, awarding the mandamus as to $242.73 was erroneous and must therefore be reversed. The writ though as to $126.24, awarded by reason of the admitted unconstitutional act, is correct and must be enforced.

The second suit comes to us on bill and answer and the award thereon of the writ of mandamus. The County Judge in his answer denies that the county owes the petitioner the amount asked for in the petition, i. e.,

$1666.64, or four months salary at $416.16 per month, and says: "but the defendant avers that at the most complainant is only entitled to whatever sums he would have made had he not been ousted from office  .  .  ."  Under such circumstances mandamus will not lie.  *State ex rel.* v. *Martin*, 155 Tenn. 322, 292 S. W. 451.

Having held the act inapplicable under which the amount claimed is based, and there being no basis fixed in the petition for any other claim against the county, it necessarily follows that the writ of mandamus granted below was erroneous.

The sole remedy sought in this second suit is that of mandamus.  The county is not sued, nor made a party. Since the bill cannot be maintained as a mandamus proceeding, it must fail altogether, and the complainant be relegated to his action against the county.  All costs of this second suit will be taxed to the complainant below. The costs of the first suit will be taxed, one third to the complainant and two thirds to the defendant.

All concur.