**Larry WATERS, Appellant,**

v.

**STATE of Tennessee, ex rel., Al SCHMUTZER, Jr., District Attorney General for the Second Judicial District and W. Henry Ogle, Appellees.**

**Larry WATERS, County Executive for Sevier County, Tennessee, Appellant,**

v.

**W. Henry OGLE, Juvenile Judge for Sevier County, Tennessee, Appellee.**

Supreme Court of Tennessee.

June 28, 1979.

George D. Montgomery, Knoxville, for appellant, Larry Waters; Kinnerly, Montgomery, Howard & Finley, Knoxville, of counsel.

Lawrence P. Leibowitz, Knoxville, for appellant, Larry Waters, County Executive for Sevier County, Tennessee; Leibowitz & Watson, Knoxville, of counsel.

Everett H. Falk, Deputy Atty. Gen., Nashville, for intervenor, William Leech, Atty. Gen. of Tennessee.

R. B. Hailey, Sevierville, for appellee, W. Henry Ogle; Hailey, Waters, Sykes & Sharp, Sevierville, of counsel.

## OPINION

BROCK, Justice.

Two actions, one in the nature of *quo warranto* and the other in the nature of *mandamus*, have been consolidated for review upon this appeal. Both originated in the Circuit Court for Sevier County and present several issues for our consideration.

### I

The action in the nature of *quo warranto* was brought by the District Attorney General pursuant to T.C.A., § 23–2801, *et seq.*, and sought an adjudication of the conflicting claims of the defendants, W. Henry Ogle and Larry Waters, to the office of Juvenile Court Judge of Sevier County.

Mr. Waters has claimed the office since September 1, 1978, by virtue of his election to the office of county executive for Sevier County in the August, 1978, election and the provisions of T.C.A., § 5–606 (Acts 1978 [Adjourned Session], Chapter 934, § 17) which purport to clothe the county executive with the judicial authority formerly exercised by the county judge.[1]

The claim of Mr. Ogle to the office of juvenile court judge is more extensive and extends over a longer period of time. His claim to the office prior to September 1, 1978, and to compensation for his services

will be considered in greater detail in section II of this opinion. His claim to the office presently and since September 1, 1978, is based upon his contention that the office has been vacant since September 1, 1978, and that he was elected by the legislative body of Sevier County to fill the vacancy on October 23, 1978.

The assertion that the office of juvenile court judge has been vacant since September 1, 1978, is based upon the theory that Mr. Waters, the newly elected county executive, is disqualified to hold the office of juvenile court judge because he is under 30 years of age, being 26 years of age, and is not an attorney. Moreover, Ogle argues that insofar as T.C.A., § 5–601, *et seq.*, purports to clothe the county executive with the judicial authority formerly exercised by county judges but provides that the minimum age of the county executive shall be 25 years it is invalid because in violation of Article VI, Section 4, of the Constitution of Tennessee, which provides that judges of inferior courts, such as the juvenile court and county court, shall be at least 30 years of age.

The prayer of the complaint was that both Waters and Ogle be restrained from exercising the powers of the Juvenile Court of Sevier County and that the Court determine "who is the lawful juvenile judge for Sevier County." The case was submitted to the circuit judge upon the pleadings and a written stipulation that the facts set out in the complaint were true and that the exhibits attached thereto were true, that Mr. Waters was born April 23, 1953, and that Mr. Ogle is an attorney and over the age of 30 years.

The circuit judge entered a decree in which he adjudged:

"(1) That Chapter 934 of the Public Acts of 1978 is unconstitutional insofar as it purports to lodge the power and authority of the juvenile judge in a person who is not an attorney at law and is under the age of 30 years;

---

1. T.C.A., §§ 37 201, *et seq.*, creates the juvenile court and provides that the judge thereof shall be ". . . the county judge or chairman of the county courts in all of the counties in this state except in those counties or municipalities in which juvenile courts are especially provided by statute . . . ."

"(2) That the office of county executive of Sevier County is vacant insofar as the judicial functions of that office are concerned;

"(3) That the county legislative body of Sevier County have authority to fill the vacancy existing in the office of juvenile court judge;

"(4) That defendant Ogle had been properly installed in the office of juvenile court judge and shall continue to serve in that capacity;

"(5) That Sevier County is liable for reasonable attorneys fees incurred by defendant Waters in defending the action."

In determining Mr. Waters' claim to the office of judge of the juvenile court, we first examine the validity of the 1978 statute insofar as it purports to clothe the county executive with the judicial authority formerly exercised by the county judge.

In 1978, Article VII of the Constitution of Tennessee was amended to provide:

"Sec. I. *County government—Elected officers—Legislative body—Alternate forms of government* —The qualified voters of each county shall elect for terms of four years a legislative body, a county executive, a Sheriff, a Trustee, a Register, a County Clerk and an Assessor of Property. Their qualifications and duties shall be prescribed by the General Assembly. Any officer shall be removed for malfeasance or neglect of duty as prescribed by the General Assembly.

"Sec. 2. *Vacancies*—Vacancies in county offices shall be filled by the county legislative body, and any person so appointed shall serve until a successor is elected at the next election occurring after the vacancy and is qualified."

It should be noted that this constitutional provision fixes the term of the county executive at four years and provides that the qualifications and duties of that office are to be prescribed by the General Assembly.

To effectuate the changes brought about by the 1978 constitutional amendments, the legislature enacted Chapter 934 of the Public Acts of 1978. As pertinent to the case now before us, that statute provides, in Section 16(a):

". . . the chief executive officer of each county shall be a county executive elected in accordance with subsection (b) by the qualified voters of the county for a term of four (4) years or until a successor is elected and qualified. References to the chairman of the county court and county judge appearing elsewhere in this code shall be deemed references to the county executive. The county executive may be otherwise appropriately entitled by private act or by action of the county legislative body."

Section 17 of that Act further provides, in pertinent part, as follows:

"(a) The county executive shall be:

"(1) a qualified voter of the county;

"(2) at least twenty-five (25) years of age; and

"(3) a resident of the county for one (1) full year prior to the date of filing a nominating petition for election to such office; . . . ..

\* \* \* \* \* \*

"The judicial authority formerly exercised by the county judge, county chairman, or other such elected official of county government shall be vested in the county executive." [2]

It is clear that pursuant to Article VII, Section 1 of the Constitution, as amended in 1978, the legislature may fix the qualifications of the county executive, including the minimum age, as it sees fit and provide that his term of office shall be four years; indeed, that constitutional provision itself fixes the term of the county executive at four years. Under that constitutional provision, the legislature also may prescribe the duties of the county executive as it sees fit; provided, that in so doing it does not violate some other provision of the Constitution.

Article VII, Section 1 of the Constitution, as amended in 1978, does not vest any judicial authority in the county executive but

---

2. These provisions are now codified in T.C.A., §§ 5-601 thru 5-606.

the legislature has sought to vest such authority in that officer by the enactment of Chapter 934 of the Public Acts of 1978, providing in Section 17 that:

". . . the judicial authority formerly exercised by the county judge, county chairman, or other such elected official of county government shall be vested in the county executive."

The judicial authority referred to is that of the county court, T.C.A., §§ 16–701, *et seq.*, and the juvenile court, T.C.A., §§ 37–201, *et seq.*

Thus, the question arises whether the authority of the juvenile court may be vested in an official who may be as young as 25 years of age and whose term of office is four years, whereas, Article VI, Section 4, of the Constitution requires that judges of "inferior" courts

". . . shall be thirty years of age, and shall before his election have been a resident of the State for five years and of the circuit or district one year. His term of service shall be eight years."

We conclude that it may not.

There can be no doubt that Article VI, Section 4, of the Constitution of Tennessee, requires that judges of inferior courts shall be 30 years of age and shall serve a term of eight years; and, insofar as an act of the legislature attempts to provide otherwise, it is unconstitutional and invalid. *State v. Leonard,* 86 Tenn. 485, 7 S.W. 453 (1888); *State v. Maloney,* 92 Tenn. 62, 20 S.W. 419 (1892); *The Judges' Cases,* 102 Tenn. 509, 53 S.W. 134 (1899); *State v. Ritzius,* 164 Tenn. 259, 47 S.W.2d 558 (1932); *Farmer v. Wiseman,* 177 Tenn. 578, 151 S.W.2d 1085 (1941).

■ The office of juvenile court judge is one which must meet the requirements of Article VI, Section 4. *Stambaugh v. Price,* Tenn., 532 S.W.2d 929 (1976); *State ex rel. Haywood v. Superintendent, Davidson County Workhouse,* 195 Tenn. 265, 259 S.W.2d 159 (1953). The same is true of the

office of judge of the county court. *Chambers v. Marcum,* 195 Tenn. 1, 255 S.W.2d 1 (1953); *State v. Eblen,* 185 Tenn. 566, 206 S.W.2d 793 (1947); *Kivett v. Mason,* 185 Tenn. 558, 206 S.W.2d 789 (1947); *State v. Link,* 172 Tenn. 258, 111 S.W.2d 1024 (1938); *State v. Maloney, supra; State v. Leonard, supra; The State v. McKee,* 76 Tenn. 24 (1881); *State ex rel. Smiley v. Glenn,* 54 Tenn. 472 (1872).

■ Since the term of office of the county executive is fixed at four years by one provision of the Constitution and the term of judges of "inferior courts," including the county court and juvenile court, is fixed at eight years by another provision of the Constitution, the conclusion is inescapable that the judicial authority of the juvenile court cannot lawfully be vested in the county executive.[3] We conclude, therefore, that the provision of Section 17 of Chapter 934 of the Public Acts of 1978 (codified now as T.C.A., § 5–606) purporting to vest in the county executive "the judicial authority formerly exercised by the county judge, county chairman, or other elected official of county government" is unconstitutional and invalid.

We hold, however, that this invalid provision may be elided, pursuant to Section 43 of Chapter 934 of the Public Acts of 1978, which provides:

"If any provision of this act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to that end the provisions of this act are declared to be severable."

We find this elision to be unobjectionable under our authorities since the remainder of the Act is a workable and coherent whole which may be given effect. *Frost v. State,* 205 Tenn. 671, 330 S.W.2d 303, 80 A.L.R.2d 1191 (1959); *Catlett v. State,* 207 Tenn. 1,

---

3. Were it not for these conflicting constitutional provisions with respect to the term of office, it might be possible to sustain the grant of judicial authority to the county executive by merely holding that the 25 year minimum age provision of the statute gives way to the 30 year provision of the Constitution. *See, State v. Leonard, supra; State v. Ritzius, supra.*

336 S.W.2d 8 (1960); *Williams v. Mabry,* 176 Tenn. 343, 141 S.W.2d 481 (1940).

■ Since the attempt to vest the judicial authority of the juvenile court in the county executive is invalid, it follows that the claim of defendant Waters to the office of juvenile court judge also fails; he is not the *de jure* judge of the Juvenile Court of Sevier County. We hold, however, that by virtue of his election and induction into the office of county executive on September 1, 1978, he became the *de facto* judge of the juvenile court and that his acts as such are valid. *Kidd v. McCanless,* 200 Tenn. 273, 292 S.W.2d 40 (1956); *Ridout v. State,*[4] 161 Tenn. 248, 30 S.W.2d 255 (1930); *Country Clubs, Inc. v. City of Knoxville,* 217 Tenn. 104, 395 S.W.2d 789 (1965); *Smith v. Landsden,* 212 Tenn. 543, 370 S.W.2d 557 (1963); *Heard v. Elliott,* 116 Tenn. 150, 92 S.W. 764 (1906). The *de facto* principle applies as well to judicial as to ministerial or other officers. *McDowell v. United States,* 159 U.S. 596, 16 S.Ct. 111, 40 L.Ed. 271 (1895); *Blackburn v. State,* 40 Tenn. 690 (1859).

■ Our determination that the statutory provision attempting to designate the county executive as judge of the juvenile court, is unconstitutional and invalid operates to create a vacancy in the office of judge of the juvenile court. T.C.A., § 8–2801, provides:

"Any office in this state is vacated:

\*    \*    \*    \*    \*    \*

"(4) By the decision of a competent tribunal, declaring the election or appointment void or the office vacant."

*See also, Stambaugh v. Price, supra; Williams v. Mabry, supra; Southall v. Billings,* 213 Tenn. 280, 375 S.W.2d 844 (1963); *Richardson v. Young,* 122 Tenn. 471, 125 S.W. 664 (1910).

But, the vacancy occurs, not upon the rendition of the judgment of the trial court, but at the time the judgment of the trial court becomes final or, if appealed, when the judgment of the court of last resort becomes final. T.C.A., § 8–2806; *Southall v. Billings, supra.* T.C.A., § 8–2806, provides:

"Whenever there is a final judgment of a competent tribunal, declaring any election or appointment void, or any office vacated, such judgment shall promptly be certified by the clerk to the appointing power or power whose duty it is to take steps to fill the vacancy."

■ The appointing power may act to fill the vacancy prior to receipt of the notice thus provided for by T.C.A., § 8–2808, but not until after a vacancy has been declared by the final judgment of a competent tribunal. In the instant case, the vacancy in the office of Juvenile Court Judge of Sevier County will occur when the judgment of this Court in this case becomes final. Until that time Mr. Waters continues to be the *de facto* judge. It follows that the attempted election of Mr. Ogle to the office of juvenile court judge by the legislative body of Sevier County on October 23, 1978, was invalid because no vacancy existed in the office at that time.

The proper agency for filling the vacancy is the legislative body of Sevier County. As we recently held in *Stambaugh v. Price, supra,* a juvenile court judge is a county officer, as distinguished from a state officer. The law in effect at that time, 1976, provided that vacancies in county offices were to be filled by the quarterly county court. It is now provided by Article VII, Section 2, as amended in 1978, that:

"Vacancies in county offices shall be filled by the county legislative body, and any person so appointed shall serve until a successor is elected at the next election occurring after the vacancy and is qualified."

Therefore, the final decree of this Court in the instant case will be certified by the clerk and forwarded to the legislative body of Sevier County, as provided by T.C.A., § 8–2806, so that the vacancy may be filled according to law.

II

The *mandamus* action was brought by W. Henry Ogle, as Juvenile Court Judge of

---

4. This case contains an extensive discussion of the *de facto* doctrine.

Sevier County, against Larry Waters, as county executive for Sevier County, seeking to require the county executive to pay to Mr. Ogle a salary at the rate of $22,000 per annum from April 21, 1978, to the present time.

This claim of Mr. Ogle arises out of the following facts. Prior to April 21, 1978, the county judge of Sevier County died and Harold Atchley was elected by the quarterly county court to serve as county judge *pro tempore* until the next general election in August, 1978. Upon assuming the duties of his new office, Judge Atchley entered an "order" on April 21, 1978, which in part provided:

"That the duties of the county judge include serving as juvenile judge for which I, as a layman, am unqualified, having no prior experience in juvenile matters, and because of my other duties, unable to hold juvenile court. Therefore, I have requested the Sevier County Bar Association to assist in the election of a juvenile judge *pro tempore* which the bar association has done in accordance with T.C.A., § 17-225 and T.C.A., § 17-228, electing Mr. W. Henry Ogle, Esquire, who has the qualifications required of a juvenile judge and is a licensed and practicing attorney of the state of Tennessee.

"Therefore, it is ordered, adjudged and decreed that because of this judge's inability to attend or hold juvenile court that Mr. W. Henry Ogle, Esquire, be ordered to hold juvenile court for Sevier County as juvenile judge *pro tempore* pursuant to T.C.A., § 17-225, until his successor is elected or duly appointed and qualified. That said Mr. W. Henry Ogle, Esquire, shall have all the powers and liabilities of a regular juvenile judge, he having taken the oath of office as required by law."

Another document exhibited to the complaint indicates that on the same day, April 21, 1978, thirteen attorneys at the Sevier County bar conducted an election pursuant to T.C.A., § 17-225, and elected W. Henry Ogle as judge of the Juvenile Court of Sevier County *pro tempore*

". . . to hold the juvenile court until his successor is elected, or appointed, and qualified. Said juvenile judge *pro tempore* shall have all the powers and be liable to all the responsibilities of a regular juvenile judge, after his having taken oath as required by law."

Another document exhibited to the complaint indicates that Mr. W. Henry Ogle was duly administered the oath of office of the juvenile judge on April 21, 1978, and entered upon the duties of that office. Thereafter, on July 17, 1978, the quarterly county court of Sevier County adopted a resolution commending Mr. Ogle for

". . . his service to the community in the capacity as acting Juvenile Judge for Sevier County, Tennessee, and it is further resolved that W. Henry Ogle be requested to remain in such office until such time as the quarterly court of Sevier County, Tennessee, acting as expeditiously as possible, arrange for the appointment of a permanent juvenile judge for Sevier County, Tennessee."

It appears from the record that Mr. Ogle functioned as the Juvenile Court Judge for Sevier County from April 21, 1978, until the new county executive was elected at the August, 1978, election and assumed his duties on September 1, 1978. Even after that date, Mr. Ogle contended that he was the rightful holder of the office of judge of the Juvenile Court of Sevier County as a holdover, it being his theory that county executive Larry Waters was constitutionally disqualified to hold that office, as set out in part I of this opinion. Accordingly, on October 23, 1978, the new county legislative body of Sevier County adopted a resolution in which it recognized the service of Mr. Ogle as judge of the Juvenile Court of Sevier County from April, 1978, and recited that he had been:

". . . duly elected by the county court of Sevier County, Tennessee, by resolution adopted 17th of July, 1978, as Juvenile Judge of Sevier County, . . ."

It was further resolved that:

". . . the salary of W. Henry Ogle, as juvenile judge be fixed at $22,000 an-

nual rate per year pro rata for time served from April 23, 1978, and to be paid on the first day of each month thereafter, and to continue until his successor is duly elected and qualified as provided by law."

This resolution further provided:

"Be it further resolved that the funds necessary to carry out this resolution be and they are hereby appropriated from the general funds of the county."

This was followed by an order entered on October 25, 1978, by county executive Larry Waters, acting as juvenile judge, in which he recited that he had received an opinion from the Attorney General of Tennessee advising that he assume the role of juvenile judge of Sevier County until such time as he might be removed from office by a court of competent jurisdiction. Judge Waters' order further provided:

"Juvenile court will be held at the courtroom of the trial justice court, in the courthouse in Sevierville, on every Monday of each week beginning at 10:00 a. m. and continuing until adjourned. No other person unless at my written direction shall act as such juvenile judge subject to the contempt orders of this Honorable Court."

This confrontation between "Judge" Ogle and "Judge" Waters resulted in the filing of the *quo warranto* action hereinabove discussed and the issuance of restraining orders against both claimants on October 27, 1978.

The judgment of the circuit court in the *quo warranto* action contained a provision requiring county executive Waters to immediately pay to Mr. Ogle that portion of the $22,000 per annum "salary" provided in the resolution of the county legislative body for the period from April 23, 1978, to the date of the order. Upon the refusal of Mr. Waters to make this payment as ordered, a petition for contempt was filed against him by Mr. Ogle, so that, under the penalty of punishment for contempt, county executive Waters paid to Ogle the sum allegedly due, although the correctness of the resolution of the county legislative body providing for the salary and the judgment of the circuit

court ordering that it be paid were disputed and were in the process of being reviewed by this Court upon appeal.

■ In our opinion, the circuit court was clearly in error in issuing the writ of *mandamus* against county executive Waters requiring him to pay the alleged salary due to Mr. Ogle. The extraordinary writ of *mandamus* lies only to control the performance of a nondiscretionary, definite, fixed, ministerial duty. *Peerless Const. Co. v. Bass*, 158 Tenn. 518, 14 S.W.2d 732 (1929). It is not available to compel a county executive to issue a warrant upon the county treasury for a claim, the correctness of which he disputes. His duties as financial agent of the county require him to protect the county against payment of unjust demands and the Court will not compel him by *mandamus* to pay an unadjudicated debt that he has determined to be unjust or unlawful. *Whitesides v. Stewart*, 91 Tenn. 710, 20 S.W. 245 (1892); *Connell v. Davidson County*, 39 Tenn. 189 (1858); *State v. Martin*, 155 Tenn. 322, 292 S.W. 451 (1927); *Vandergriff v. Seeber*, 187 Tenn. 561, 216 S.W.2d 311 (1948).

■ In the instant case, Mr. Waters, the county executive, was vigorously disputing the correctness of the resolution of the county legislative body which purported to authorize the payment of a salary to Mr. Ogle at the rate of $22,000 per annum and he was appealing that portion of the judgment of the circuit court in the *quo warranto* action which ordered him to pay this salary to Mr. Ogle. Thus, there was no final judgment requiring payment of this claim and the validity of the claim itself was earnestly disputed in good faith by the county executive. Under these circumstances, we hold that the county executive could not lawfully be compelled by *mandamus* to pay Mr. Ogle's claim. It was error for the circuit court to hold to the contrary.

Nevertheless, the issue remains whether Mr. Ogle is entitled to be paid as provided in the judgment of the circuit court in the *quo warranto* action. When Mr. Ogle assumed the duties of the office of judge of

the Juvenile Court of Sevier County on April 23, 1978, he did so pursuant to the "appointment" by county judge *pro tempore* Atchley and pursuant to the election by attorneys of the Sevier County bar under the provisions of T.C.A., § 17–225, to-wit:

"When, from any cause, the judge of any court of record, except the appellate courts, fails to attend, or, if in attendance, cannot properly preside in a cause or causes pending in such court, or is unable to hold the court, a majority of the attorneys of the court who are present and are residents of the state, shall elect one of their number then in attendance to hold the court for the occasion, who shall have all of the qualifications of a judge of such court, and who shall accordingly preside and adjudicate.

\*    \*    \*    \*    \*    \*

"The person elected shall, during the period that he acts, have all the powers, and be liable to all the responsibilities, of a regular judge."

■ It was formerly provided by statute that a judge so selected might receive compensation from the state, provided, the regular judge whom he replaced should authorize him to be paid from the regular judge's salary. This provision, however, was repealed by Chapter 150 of the Public Acts of 1959. Moreover, it would have had no application in the instant case because the salary of the juvenile court judge is an obligation, not by the state, but of the county, T.C.A., § 8–2414.[5] There simply is no compensation provided by law for one who serves as a judge *pro tempore* under the provisions of T.C.A., § 17–225.

■ It is well settled that the county legislative body may appropriate public monies only for the purposes specifically authorized by the statutes, T.C.A., § 5–901, *et seq.* City of Harriman v. Roane County, Tenn., 553 S.W.2d 904 (1977); Maury County v. Whitthorne, 174 Tenn. 384, 126 S.W.2d 304 (1939); State v. Pollard, 124 Tenn. 127, 136 S.W. 427 (1911). Regretfully, we conclude that the resolution of the county legislative body of October 23, 1978, wherein it authorized the payment of a salary to Mr. Ogle at the rate of $22,000 per annum from April 23, 1978, to the present time and purported to appropriate funds for that purpose was not authorized by the statutes and, accordingly, is invalid. The circuit court erred in holding to the contrary.

■ In deciding this question, we have treated the election of Mr. Ogle by the Sevier County bar as if that election were actually authorized by T.C.A., § 17–225.[6] We entertain grave doubts that the declaration of the county judge, Atchley, of his alleged incompetence to serve as Juvenile Court Judge for Sevier County constituted a proper occasion authorizing the election of a juvenile court judge *pro tempore* under the provisions of T.C.A., § 17–225; but, we do not specifically decide that issue nor the secondary question whether Mr. Ogle, if not a *de jure* juvenile court judge *pro tempore*, was, in view of his election by the bar and his apparent acceptance as juvenile court judge by the bar, and the quarterly county court, during the period from April 23, 1978, to September 1, 1978, a *de facto* juvenile court judge *pro tempore*. See, Turney v. Dibrell, 62 Tenn. 235 (1873); Ridout v. State, supra. In our opinion, these issues should be decided only when and if they should be raised by litigants who actually appeared before Mr. Ogle while he acted in the capacity of Juvenile Court Judge of Sevier County during the period April 23, 1978, to September 1, 1978.

The judgment of the Circuit Court in the *mandamus* action is reversed and the complaint is dismissed, but, the record will be

---

5. Actually, no separate salary is paid to the juvenile court judge, but the county pays the salary of the "county judge," who until September 1, 1978, also served as juvenile court judge.

6. The purported "appointment" of Mr. Ogle by the county judge *pro tempore*, Mr. Atchley, is clearly unwarranted in law. Equally ineffective was the resolution of the quarterly county court on July 17, 1978, there being no vacancy in the office of juvenile court judge at that time.

remanded for such further action as may be appropriate with respect to the bond posted by Mr. Ogle therein. Costs are taxed against Mr. Ogle.

In the *quo warranto* action, the judgment of the trial court is reversed and the record remanded for such further proceedings as may be necessary or appropriate to carry out the decision of this Court as expressed in this opinion. Costs are taxed against Mr. Ogle.

The Clerk is directed to forward forthwith a certified copy of this opinion to the legislative body of Sevier County as provided by T.C.A., § 8–2806.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.