STATE *ex rel.* MOTLOW *v.* CLARK *et al.*

(*Nashville,* December Term, 1937.)

Opinion filed April 2, 1938.

WALKER & HOOKER, of Nashville, for relator Motlow.

JOHN M. CATE and JOHN C. SANDIDGE, both of Nashville, for defendants.

MR. JUSTICE DeHAVEN delivered the opinion of the Court.

Chapter 193, Pub. Acts 1937, heretofore held constitutional by this court in the case of *Clark* v. *State,* 172 Tenn., 429, 113 S. W. (2d), 374, in the first section thereof (the balance of the act being immaterial to the present controversy) provides as follows:

"Be it enacted by the General Assembly of the State of Tennessee, That the Quarterly County Court of any County within the State of Tennessee shall have the right and power; and, it shall be the duty of said county authorities to call an election, at any time, upon the filing and presentation of a petition bearing the genuine signatures of ten per cent, or more, of the qualified voters of such county, based upon the number of votes cast in the last preceding presidential election in said county. Said petition to be addressed to the Quarterly Court of said County, and to contain such language as to request, or call upon the said Quarterly County Court, to call an election of the qualified voters of said county upon the question of permitting and legalizing the manufacture of intoxicating liquors and other intoxicating drinks within the boundaries of said county.

"Upon the adoption of a motion, or resolution, by the Quarterly County Court ordering, or calling, an election as hereinbefore provided, a copy of said motion, or resolution, shall be made and certified to by the County Court Clerk, and filed immediately with the Chairman of the County Election Commission; and, it shall, then, be the duty of the said County Election Commission, in and for said county, to order and call an election, to be held in said county; the same to be ordered within 30 days after the filing of the certified copy of the motion, or resolution, as above provided."

The relator shows by his bill that the quarterly county

court of Moore county has refused to call an election under the act, notwithstanding a proper petition bearing the genuine signatures of 10 per cent., or more, of the qualified voters of such county, based upon the number of votes cast in the last preceding presidential election, had been addressed to the court, and filed, requesting the court to call such an election. The relator prayed that an alternative writ of mandamus issue requiring the defendants, as members of the quarterly county court of Moore county, at the next regular or special meeting of the court, to adopt a resolution, in accordance with said act, directing the county election commissioners to call an election as provided by the act.

By fiat, the chancellor ordered the issuance of the alternative writ of mandamus, as prayed, returnable on the first Monday in March, 1938, to show cause, if any, why the peremptory writ of mandamus should not issue.

Certain of the defendant members of the quarterly county court demurred to the bill. A *pro confesso* was taken as to the other defendants failing to answer or plead to the bill.

The grounds of demurrer were: (1) That there is no equity on the face of the bill; (2) that chapter 193, Pub. Acts 1937, specifically provides for the exercise by the quarterly county court of its own discretion in determining whether or not to call an election as provided by the act. Grounds 3 and 4 are of like effect as ground 2, above set out. Ground 5 is to the effect that the county election commissioners could not be directed by the court to call an election "over the heads" of the county court. This ground is immaterial in view of the fact that the mandamus was directed by the decree solely to the quarterly county court.

 The chancellor overruled the demurrer and, defendants electing to stand on the same as an answer, awarded the relator a peremptory writ of mandamus as prayed in the bill.

Defendants have appealed to this court and assigned errors.

The sole question for decision, under the assignments of error, is whether the quarterly county court, under chapter 193, Pub. Acts 1937, is vested with a discretion with reference to calling an election, even though a proper petition requesting an election has been filed by the requisite number of the qualified voters of the county.

It is the insistence of the relator that the quarterly county court having determined that a proper petition has been filed, there remains nothing more to be done by the court but to perform the ministerial act of calling the election. And having failed to perform that ministerial act, the court may be compelled by peremptory mandamus to act. On the other hand, it is the insistence of defendants that the act clearly leaves the matter of calling an election to the judgment and discretion of the quarterly county court, even though a proper petition requesting an election has been filed, and, this being true, the writ of peremptory mandamus will not lie in the cause.

When the resolution calling an election under the act was presented to the court, at its meeting on January 24, 1938, it appears from the minutes of the court for that date that a petition had been addressed to the court requesting such an election. With reference to this petition, which was spread upon the minutes, the court found as follows:

"It further appeared to the Court that said petition had been properly filed with the County Court Clerk of

Moore County, Tennessee, bearing the genuine signatures of more than ten per cent of the qualified voters of said County based upon the number of votes cast in the next preceding Presidential election in said County.''

The resolution ordering the election was rejected by a tie vote.

It is averred in the bill that a proper petition was filed with the quarterly county court, in accordance with the act, on each occasion at which the adoption of a resolution ordering an election was sought. The demurrer admits this to be true.

■■■■ ''Mandamus'' is a remedy through which a public officer, charged by law with a duty ministerial in character, may be compelled to perform it. *State ex rel.* v. *Martin,* 155 Tenn., 322, 292 S. W., 451; *Morley* v. *Power,* 73 Tenn. (5 Lea), 691. Mandamus issues only when there is a clear and specific legal right to be enforced, or a duty which ought to be and can be performed, and where there is no other specific and legal remedy. *State* v. *Wilbur,* 101 Tenn., 211, 47 S. W., 411; *Lynn* v. *Polk,* 76 Tenn. (8 Lea), 121, 257. Conversely, it will not lie when the necessity or propriety of acting is a matter of discretion. *Peerless Const. Co.* v. *Bass,* 158 Tenn., 518, 14 S. W. (2d), 732; *White's Creek Turnpike Co.* v. *Marshall,* 61 Tenn. (2 Baxt.), 104; *Williams* v. *Dental Examiners,* 93 Tenn., 619, 620, 27 S. W., 1019; *State ex rel.* v. *Board of Education,* 122 Tenn., 161, 121 S. W., 499.

■■ Section 1 of chapter 193, Pub. Acts 1937, is plainly mandatory in requiring the quarterly county court to call an election, for the purpose set forth, when requested to do so by a petition bearing the genuine signatures of 10 per cent., or more, of the qualified voters of such county based upon the number of votes cast in the last preced-

ing presidential election in said county. The language is that the court "shall have the right and power; and, it shall be the duty of said county authorities to call an election, at any time," upon the filing of a petition having the requisites set forth in the act. Whether or not the petition, in fact, accords with the requirements of the act, is for the court to determine. But if the petition is found to be in proper form and signed by the requisite number of voters, there remains nothing more for the court to do but call on the county election commissioners to hold the election.

It is argued, however, by able counsel for defendants, that the language found in the second paragraph of section 1 of the act, "Upon the adoption of a motion, or resolution, by the Quarterly County Court ordering, or calling, an election, as hereinbefore provided," shows that it is not made the duty of the court to call an election until a motion to that effect has been adopted by the court, and this implies the exercise of its own judgment and discretion in this regard.

The fact that the county court is to order, or call, the election by motion, or resolution, does not indicate that a discretion with reference to such action is conferred by the act upon the court. The court could act in no other way than by motion, or resolution, placed upon its minutes. The motion, or resolution, provided for is the mechanics, or ministerial act, by which the court calls upon the county election commissioners to hold an election. It is provided that a copy of the motion, or resolution, shall be made and certified by the county court clerk, and filed immediately with the chairman of the county election commission, and it is then made the duty of the election commission to order an election within thirty days.

If the position of defendants was sound, then the county court could never be required by mandamus to do a ministerial act, for it could always be argued that the court could act only by motion, or resolution, and that the necessity of the adoption of a motion, or resolution, indicated discretion on the part of the court. In *State ex rel.* v. *Alexander,* 115 Tenn., 156, 90 S. W., 20, a writ of peremptory mandamus was awarded to compel the justices of Madison county to levy and cause to be collected a special tax. A tax levy is made on motion, or resolution; but the necessity of such procedure cannot be said to have vested the justices with discretion as to whether or not they would levy the tax.

The further argument is advanced that the question of financing such an election and the time of year in relation to crops, weather, etc., are factors to be considered by the court in determining whether or not it will call the election. These, and such like, were elements for the consideration of the legislature when it enacted the statute. It is contended that there may be repeated elections, all at the cost of the county. With the wisdom of the statute, the courts have nothing to do.

A sudy of this act convinces us that it was not the intention of the Legislature to make the act applicable to a county upon the double contingency, (1) that the county court should determine, in its discretion, whether an election would be called pursuant to a proper petition; and (2) that a majority of the qualified voters should vote "For Manufacturing Liquors." The purpose and intent of the act, as we think, was to leave the question of manufacture to the qualified voters of the county, and not to the county court. The filing of the petition with the quarterly county court, as provided by the act, is a matter of

procedure. It is our conviction that when the petition is in proper form, and signed by the requisite number of qualified voters, the statutory duty of calling the election rests upon the county court. The fact that the county court can inquire into the sufficiency of the petition, and into the qualifications of the signers thereto, in no way affects the mandatory duty of the court to call the election if the petition is found to be in proper form and properly signed.

The decree of the chancellor must be affirmed, and the cause remanded for such further proceedings as may be proper.