# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs April 13, 2007

## ERIC TODD JACKSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**No. 039787      Ross Hicks, Judge**

―――――――――――――

**No. M2004-00926-COA-R3-WM - Filed on May 2, 2007**

―――――――――――――

Appellant, who was the defendant in a previous criminal proceeding, filed a Writ of Mandamus seeking to obtain a refund of the bond he posted in the criminal case. The trial court dismissed the petition. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Eric Todd Jackson, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and David E. Coenen, Assistant Attorney General, for the State of Tennessee.

## MEMORANDUM OPINION[1]

Eric Todd Jackson, the petitioner, filed a Petition for Writ of Mandamus in the "Criminal Court of Montgomery County, Tennessee, Nineteenth Judicial District at Clarksville" seeking to recover the cash bond he posted in a criminal case. Although Jackson was convicted in that matter and is presently serving the sentence resulting from that conviction, he contends the cash bond he

―――――――――――――

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

posted was wrongfully seized and applied to pay fines and costs assessed against him in the criminal case. He also contends the fines were improperly levied against him by the Criminal Court.[2]

Jackson presents two issues on appeal. He states his first issue as follows: "Whether the Montgomery Circuit Court had jurisdiction to entertain a petition for Writ of Mandamus." He states his second issue as follows: "Did the Circuit Court err and deny due process by dismissing the Petition for Writ of Mandamus sua sponte."

The writ of mandamus is an extraordinary remedy. *State ex rel. Witcher v. Bilbrey*, 878 S.W.2d 567, 570 (Tenn. Ct. App. 1994). To obtain the writ of mandamus, the petitioner must show a specific and complete right which is to be enforced. *Memphis Appeal Pub. Co. v. Pike*, 56 Tenn. 697, 704 (1872); *Winters v. Burfurd*, 46 Tenn. (6 Cold.) 328, 330-31 (1869); *Hayes v. Civil Serv. Comm'n of Metro Gov't*, 907 S.W.2d 826, 829 (Tenn. Ct. App. 1995). Mandamus serves only to control ministerial acts. *Waters v. State*, 583 S.W.2d 756, 763 (Tenn. 1991). Tennessee courts will issue writs of mandamus only when the following three elements coexist: (1) the plaintiff's clear right to the relief sought, *Peerless Constr. Co. v. Bass,* 158 Tenn. 518, 520, 14 S.W.2d 732, 733 (1929); (2) the defendant's clear duty to perform the act the plaintiff seeks to compel, *State ex rel. Weaver v. Ayers*, 756 S.W.2d 217, 221 (Tenn. 1988); and (3) the absence of any other specific or adequate remedy, *State ex rel. Motlow v. Clark*, 173 Tenn. 81, 87, 114 S.W.2d 800, 802-03 (1938).

Criminal court judges do not have jurisdiction to issue writs of mandamus. Tenn. Code Ann. § 29-25-101 (2006); *State ex rel. Jordan v. Bomar*, 217 Tenn. 494, 501, 398 S.W.2d 724, 727 (1965). Only circuit judges and chancellors have the power to issue writs of mandamus. Tenn. Code Ann. § 29-25-101. The petitioner filed his petition for writ of mandamus in the "Criminal Court of Montgomery County, Tennessee, Nineteenth Judicial District at Clarksville." The trial court properly dismissed the petition because it found that "Criminal Courts have no authority to issue Writs of Mandamus and Jackson's Petition for Writ is addressed to the Criminal Court."

The trial court additionally found that "Writs of Mandamus should issue only when there are no other adequate remedies. As the trial court concluded, Jackson's filing of a pleading styled 'Application to Apply to Have Property Returned' suggests that even Jackson recognizes that if his claims were meritorious, a simple motion filed with the court would offer him relief."

In order to put the underlying claim to rest, we also note, as the trial court did, that Jackson's claim that his "Cash Bond Money" was illegally seized is without merit. This is because Tenn. Code Ann. § 40-11-121 (2006) mandates that a bond deposited by a defendant in a criminal proceeding be applied to the payment of the judgment. As the trial court correctly found:

---

[2]He also asserts that "Eric Jacksons [sic] fines exceeds $50.00 and were asserted by a Criminal Court Judge, not assessed by a Jury as required by Law," and that "Cash Bond Money was taken into possession for the State of Tennessee, County of Montgomery, and 'City of Clarksville' without 'Notice of Seizure' being so provided." The documents submitted by Jackson; however, fail to show any fine assessed against him exceeded $50.00.

Jackson's allegations of 'seizure' of his cash bond are without merit and ignore the clear provisions of T.C.A. § 40-11-121 which provide that the case bond 'shall be applied to the payment of the judgment' for fines and court costs. If a judgment for fine and court costs, or either, is entered in the prosecution of a cause in which a deposit had been made by defendant, the deposit shall be applied to the payment of the judgment.

For the reasons stated above, we have concluded the trial court properly dismissed the petition for writ of mandamus. The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Eric Todd Jackson.

_____

FRANK G. CLEMENT, JR., JUDGE