IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 20, 2015

**JEFFERY G. DOUGLAS v. FRANCINE C. S., ET AL.**

**Appeal from the Circuit Court for Madison County**
**No. C148     Don R. Ash, Judge**

_____

**No. W2014-02075-COA-R3-CV – Filed July 23, 2015**
_____

The trial court dismissed Appellant's petition for a writ of mandamus. Due to profound deficiencies in Appellant's brief, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, J., and BRANDON O. GIBSON, J., joined.

Jeffery G. Douglas, Tiptonville, Tennessee, Pro Se.

**MEMORANDUM OPINION[1]**

On January 16, 2014, Plaintiff/Appellant Jeffery G. Douglas filed a petition for a writ of mandamus in the Madison County Chancery Court against Defendants Francine C.S., et

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

al.[2] Attached to Mr. Douglas's petition was an inmate grievance form from the Tennessee Department of Correction, indicating that an unknown party committed "defalcation of incontrovertible abuse of rights doctrine." On January 17, 2014, Judge Roy B. Morgan entered an order of recusal. Thereafter, the Tennessee Supreme Court entered an order appointing Senior Judge Don R. Ash to preside over this case.

On July 21, 2014, Judge Ash entered an order on Mr. Douglas's petition. The order stated, in relevant part:

> This matter came before the court on motion of the plaintiff requesting writ of mandamus in regard to matters previously dismissed, namely Madison County Case Nos. 09-624, C-11-149, C-11-96, C-11-278. Further, plaintiff requests an order compelling the "appropriate authority in said cause to perform their mandatory duties . . . ." regarding a response to plaintiff filed October 24, 2013; a criminal complaint filed April 5, 2011; a criminal complaint filed May 6, 2011; An affidavit of complaint for an arrest warrant signed October 19, 2013; and an affidavit of complaint for an arrest warrant signed on October 31, 2013. On petition of the plaintiff and the record as a whole, this court finds as follows:
>
> * * *
>
> 2. To obtain the writ of mandamus, the petitioner must show a specific and complete right which is to be enforced. ***Hayes v. Civil Serv. Comm'n of Metro Gov't***, 907 S.W.2d 826, 829 (Tenn. Ct. App. 1995). When the following three elements are present, Tennessee courts will issue writs of mandamus: (1) the plaintiff[']s clear right to the relief sought, (2) the defendant's clear duty to perform the act the plaintiff seeks to compel, and (3) the absence of any other specific or adequate remedy. ***Peerless Constr. Co. v. Bass***, 158 Term. 518, 520, 14 S.W.2d 732, 733 (1929); ***State ex rel. Weaver v. Ayers***, 756 S.W.2d 217, 221 (Tenn. 1988); ***State ex rel. Motlow v. Clark***, 173 Tenn. 81, 87, 114 S.W.2d 800, 802–03 (1938).
>
> 2. ***Peerless Const. Co. v. Bass***, 14 S.W.2d 732, 733 (1929), quotes ***State ex rel. v. Board***, 121 S. W. 499, stating:

---

[2] Mr. Douglas's petition does not name any additional defendants.

2

"We know of no exception to the rule that the court will not, by mandamus, disturb the decisions, and actions of the boards and officers having discretionary powers, except where they act in an arbitrary and oppressive manner (*Williams v. Dental Examiners*, 93 Term. 619, 27 S. W. 1019), or act beyond their jurisdiction (*Insurance Co. v. Craig*, *supra*), or where they refuse to assume a jurisdiction which the law devolves upon them (*State ex rel. v. Taylor*, 119 Term. 229, 104 S.W. 242)."

3. Further, Rule 12.06 of the Tennessee Rules of Civil Procedure permit the court, upon its own initiative at any time, to strike from any pleading an insufficient defense, or a redundant, immaterial, impertinent or scandalous matter.

4. Here, [Mr. Douglas] provides little information to specify what he desires the court to order within a writ of mandamus. [Mr. Douglas] references other cases which have been dismissed and states certain complaints with dates. Plaintiff does not specify within the pleading or provide an affidavit giving sufficient facts demonstrating the [Mr. Douglas's] clear right to the relief sought, the defendant's clear duty to perform the act [Mr. Douglas] seeks to compel, or the absence of any other specific or adequate remedy.

5. With regard to Madison County Circuit No. C-12-278, [Mr. Douglas's] request for writ of mandamus and all other claims were dismissed with prejudice, as "[Mr. Douglas's] claims are barred by either the statute of limitations and/or the absence of facts necessary to support their basic elements." This court cannot review the sound judgment of another court or judge by the means of a writ of mandamus.

6. As [Mr. Douglas] has provided only immaterial and redundant information in his petition, this court finds all his claims are STRICKEN, and this cause is DISMISSED with prejudice.

Mr. Douglas filed a timely notice of appeal of the dismissal of his petition.

3

## Discussion

This is not Mr. Douglas's only appeal involving the same circumstances. In fact, this Court takes judicial notice that the brief filed by Mr. Douglas in this case is identical to the brief filed by him in ***Douglas v. State***, No. W2014-00831-COA-R3-CV, (Tenn. Ct. App. July 14, 2015) (hereinafter "***Douglas I***") (Westlaw citation not yet available). *See* Tenn. R. Evid. 201 (allowing a court to take judicial notice of facts outside the record when the fact is "not subject to reasonable dispute" and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); ***Counts v. Bryan***, 182 S.W.3d 288, 293 (Tenn. Ct. App. 2005) (permitting a court to take judicial notice of facts gleaned from court files). Because Mr. Douglas's brief in this case is identical to the brief he filed in ***Douglas I***, we take guidance from that Opinion's discussion of the substantial shortcomings found in Mr. Douglas's brief.

In ***Douglas I***, this Court held that the Court's "ability to review the merits of this appeal is substantially hindered by the state of the brief submitted by" Mr. Douglas. Specifically, this Court held that Mr. Douglas's brief failed to comply with Rule 27 of the Tennessee Rules of Appellate Procedure,[3] in that it did not contain "a table of contents, a

---

[3] Rule 27 provides, in pertinent part:

> (a)    **Brief of the Appellant.** The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
>      (1) A table of contents, with references to the pages in the brief;
>      (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>      (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
>      (4) A statement of the issues presented for review;
>      (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
>      (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>      (7) An argument, which may be preceded by a summary of argument, setting forth:
>           (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>           (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue

table of authorities, a statement of the case, a statement of facts with references to the record, or an argument section containing references to the record or an applicable standard of review." Although the Court noted that Mr. Douglas's brief did include five issues presented for review, we note that these issues are not presented in a statement of the issues section, but instead are contained in what we must presume is the argument section of his brief. As explained by this Court: "While [Mr. [Douglas's] brief includes a litany of case citations, his brief, much like his original complaint in the trial court, fails to include a single factual allegation upon which this Court can determine the underlying basis for his claims." Indeed, while in *Douglas I*, the Court had the benefit of factual recitations provided by the appellees, no appellee brief was filed in this case. As such, there is little in the record to discern the underlying factual allegations supporting Mr. Douglas's claim for relief.

Based on these and other deficiencies,[4] the Court of Appeals ruled that all issues purportedly raised by Mr. Douglas were waived, and, therefore, "declined to examine the merits of any issues on appeal." *See also* **Sneed v. Bd. of Prof'l Responsibility of Sup.Ct.**, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."); **Forbess v. Forbess**, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) ("'Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.'") (quoting **Bean v. Bean**, 40 S.W.3d 52, 55–56 (Tenn. Ct. App. 2000) (noting that "the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court")). Because Mr. Douglas's brief in this case is identical to the brief filed in *Douglas I*, we likewise conclude that all issues purportedly raised therein are

---

or under a separate heading placed before the discussion of the issues);
(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

[4] The **Douglas I** Court also noted that Mr. Douglas failed to comply with Rule 6 of the Rules of the Court of Appeals of Tennessee, which provides:

No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6(b).

waived. Accordingly, we decline to address the substantive merits of this appeal. In addition, we note, like the Court in **Douglas I**, that Tennessee Code Annotated Section 27-1-122 allows this Court, *sua sponte*, to "award just damages against the appellant, which may include but need not be limited to, costs" when an appeal is deemed frivolous. In this case, no appellee has participated in this appeal to whom this Court could properly award damages. However, we exercise our discretion to designate this appeal as frivolous pursuant to Tennessee Code Section 27-1-122.

## Conclusion

Based upon the forgoing, the appeal is dismissed. Costs of this appeal are taxed to Appellant Jeffery G. Douglas. Because Mr. Douglas is proceeding *in forma pauperis* in this appeal, execution may issue, if necessary.

_____
J. STEVEN STAFFORD, JUDGE