IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2022

## DAVID A. AVERY v. CHERYL A. BLACKBURN ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 21C751          Hamilton V. Gayden, Jr., Judge**

_____

### No. M2021-01482-COA-R3-CV

_____

The trial court dismissed the plaintiff's claims pursuant to Tennessee Rule of Civil Procedure 12, determining that he had failed to state a claim upon which relief could be granted. Following the trial court's denial of the plaintiff's motion for post-judgment relief, the plaintiff appealed to this Court. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

David A. Avery, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, and Mary Elizabeth McCullohs, Senior Assistant Attorney General, for the appellee, Cheryl A. Blackburn.

Herbert H. Slatery, III, Attorney General and Reporter, and Lauren D. Rota, Assistant Attorney General, for the appellee, Victor S. Johnson, III.

Wallace W. Dietz, Director of Law, and Andrew D. McClenahan and Angela D. Williams, Assistant Metropolitan Attorneys, Department of Law of the Metropolitan Government of Nashville and Davidson County, Nashville, Tennessee, for the appellee, Daniel D. Newbern.

## OPINION

### I. Factual and Procedural Background

The plaintiff, David A. Avery, filed a "Motion for Relief Affidavit in the Nature of a Writ of Quo Warranto" ("Motion for Relief") on May 3, 2021, in the Davidson County Circuit Court ("trial court"), naming Judge Cheryl A. Blackburn; former District Attorney General Victor S. Johnson, III; and police detective Daniel D. Newbern as defendants. Mr. Avery is currently serving a forty-nine year sentence by reason of his convictions for aggravated robbery, especially aggravated robbery, reckless endangerment, and attempted second degree murder. *State v. Avery*, No. M2008-01809-CCA-R3-CD, 2009 WL 4724430, at *1 (Tenn. Crim. App. Dec. 10, 2009). Judge Blackburn presided over Mr. Avery's criminal trial, and Mr. Johnson was the District Attorney General at that time. *Id*. Mr. Newbern was a detective who worked on the investigation. *Id*. Although Mr. Avery stated in his motion that he was seeking relief in the nature of "a writ of *quo warranto*," the relief sought included (1) the setting aside of his criminal convictions, (2) his immediate release from incarceration, and (3) an award of compensatory damages in the amount of $333,333,333.33.

On July 9, 2021, Judge Blackburn filed a motion to dismiss, pursuant to Tennessee Rule of Civil Procedure 12.02, asserting that she was entitled to sovereign immunity. On July 13, 2021, without reference to Judge Blackburn's motion, the trial court entered an order of dismissal, determining that Mr. Avery's motion should be construed as a petition for a writ of mandamus. The trial court dismissed Mr. Avery's claims, finding that there was no recognized right to be enforced via writ of mandamus. The court noted that if Mr. Avery were seeking "redress for the underlying convictions, the proper remedy would [be] by way of habeas corpus, contesting the conviction." Mr. Avery subsequently filed a motion seeking to strike Judge Blackburn's motion to dismiss.

On July 20, 2021, Mr. Avery filed a motion seeking default judgments against the defendants. Mr. Avery argued that the defendants had failed to appear and defend the claims against them. On August 13, 2021, Mr. Avery filed a motion to amend, asserting that the trial court's July 13, 2021 order of dismissal should be "amended" such that default judgment against the defendants would be entered in Mr. Avery's favor. Mr. Avery further argued that the court erred by treating his Motion for Relief as a petition for writ of mandamus. Mr. Avery concomitantly filed a motion seeking issuance of "bench warrants" for the immediate apprehension of the defendants.

The defendants each respectively filed responses opposing Mr. Avery's motions to amend, for default judgment, and for issuance of bench warrants for their arrest. The trial court scheduled a hearing regarding the pending motions, denying Mr. Avery's request for transport due to COVID-19 protocols then in effect. The court stated that Mr. Avery would be allowed to appear virtually to participate in the hearing. Mr. Avery

subsequently filed pleadings objecting to the trial court's rescheduling of the motion hearing and seeking an order allowing him to be present in person for the rescheduled hearing.

On October 28, 2021, the trial court entered an order denying Mr. Avery's request to be transported to the hearing and rescheduling the motion hearing to November 4, 2021, to be conducted virtually. Following that virtual hearing, wherein Mr. Avery and counsel for the defendants were allowed to present arguments, the trial court entered an order on November 10, 2021, respecting the pending motions. The trial court denied Mr. Avery's motion to strike Judge Blackburn's motion to dismiss, determining that inasmuch as Judge Blackburn was not served with process until June 14, 2021, her July 9, 2021 motion was timely filed.

Relative to Mr. Avery's motion for default judgment, the trial court found that Judge Blackburn filed her motion to dismiss within thirty days of service such that default judgment against her would be improper. The court likewise found that default judgment as to the remaining defendants was improper because the court had entered an order denying Mr. Avery's petition on July 13, 2021, and the remaining defendants filed responses shortly thereafter.

Concerning Mr. Avery's claim that the trial court erroneously characterized his petition as one seeking a writ of mandamus, the court noted that Mr. Avery was attempting to force elected officials to act within their official capacity, citing *Hayes v. Civil Serv. Comm'n of Metro. Gov't of Nashville & Davidson Cnty.*, 907 S.W.2d 826, 828 (Tenn. Ct. App. 1995) ("Mandamus . . . is a special remedy in which the issues are severely limited. It is used to coerce the performance of official duties[.]"). As such, the court determined that it had properly construed Mr. Avery's petition as one seeking a writ of mandamus, and the court denied Mr. Avery's motion to amend.

Respecting Mr. Avery's request that bench warrants be issued compelling the defendants' arrests, the trial court noted that Mr. Avery had asserted that the defendants had failed to appear and answer in this matter. However, the court found that because the defendants had each respectively appeared by filing a motion or response, Mr. Avery's claim was moot. The court therefore denied his motion to issue bench warrants.

Finally, regarding Mr. Avery's motion seeking entry of default judgment, the trial court determined that Mr. Avery had failed to establish facts supporting a judgment by default. As the court noted, "the timeline of the case would not support a Default Judgment." The court further determined that the tort claim asserted against Mr. Newbern was barred by the one-year statute of limitations because Mr. Newbern's actions took place in 2008. The court accordingly denied Mr. Avery's motions. Mr. Avery timely appealed. Although Mr. Avery attempted to file a statement of the

evidence pursuant to Tennessee Rule of Appellate Procedure 24, the court determined that such statement did not meet Rule 24's requirements.

## II.  Issues Presented

Mr. Avery presents the following issues for this Court's review, which we have restated slightly:

1.      Whether the trial court properly applied the Tennessee Rules of Civil Procedure to fully adjudicate and dispose of Mr. Avery's claims against the defendants.

2.      Whether the trial court erred by failing to enter default judgment against the defendants because the defendants failed to timely submit answers to Mr. Avery's averments and thus have purportedly waived all defenses.

3.      Whether Mr. Avery is entitled to relief due to the imposition of irreparable injuries upon him by the defendants "via commercial fraud under color of law."

4.      Whether Mr. Avery's action is barred by the statute of limitations.

5.      Whether Mr. Avery "is liable for any payment or performance obligations associated with the fraudulent commercial instruments executed against DAVID ANTHONY AVERY (Trust)" by the defendants.

6.      Whether the defendants are "contractually bound by the terms and payment obligations of [Mr. Avery's] Public Notice Contract disseminated to the public-at-large regarding the unauthorized usages of DAVID ANTHONY AVERY (Trust)."

## III.  Standard of Review

As this Court has previously explained concerning *sua sponte* dismissals:

A trial judge has the authority to dismiss a claim *sua sponte* "when he is of the opinion that the complaint fails to state a claim upon which relief may be granted." *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975).  So we review the court's dismissal of the [claims] using the familiar standard of review for a Rule 12.02(6) motion to dismiss.  *See Webb* [*v. Nashville Area Habitat for Humanity*], 346 S.W.3d [422,] 426-27 [(Tenn. 2011)].

*Kauffman v. Forsythe*, No. E2019-02196-COA-R3-CV, 2021 WL 2102910, at \*3 (Tenn. Ct. App. May 25, 2021).  Regarding the review of a dismissal pursuant to Rule 12.02(6), our Supreme Court has elucidated:

> A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence.  The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. . . .
>
> In considering a motion to dismiss, courts "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'"  *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (quoting *Trau-Med* [*of Am., Inc. v. Allstate Ins. Co.*], 71 S.W.3d [691,] 696 [(Tenn. 2002)]); *see Leach v. Taylor*, 124 S.W.3d 87, 92-93 (Tenn. 2004); *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997); *Bellar v. Baptist Hosp., Inc.*, 559 S.W.2d 788, 790 (Tenn. 1978); *see also City of Brentwood v. Metro. Bd. of Zoning Appeals*, 149 S.W.3d 49, 54 (Tenn. Ct. App. 2004) (holding that courts "must construe the complaint liberally in favor of the plaintiff by . . . giving the plaintiff the benefit of all the inferences that can be reasonably drawn from the pleaded facts").  A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."  *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002); *see Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007); *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Pemberton v. Am. Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn. 1984); *Fuerst v. Methodist Hosp. S.*, 566 S.W.2d 847, 848 (Tenn. 1978); *Ladd v. Roane Hosiery, Inc.*, 556 S.W.2d 758, 759-60 (Tenn. 1977).  We review the trial court's legal conclusions regarding the adequacy of the complaint de novo.

*Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (other internal citations omitted).

We respect Mr. Avery's decision to proceed without benefit of counsel.  We note that in reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading."  *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)).  We note also that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers."  *Stewart*, 368 S.W.3d at 462 (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young*

- 5 -

*v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer*, 138 S.W.3d at 903.

## IV. Post-Judgment Relief

The overarching issue to be addressed in this matter is whether the trial court should have granted to Mr. Avery post-judgment relief from its prior order dismissing Mr. Avery's claims. The trial court found that because Mr. Avery's original Motion for Relief sought to "coerce elected officials to act within their official capacity," it should be treated as a petition for writ of mandamus. Mr. Avery posits that the trial court should have granted him the relief he requested.

In his Motion for Relief, Mr. Avery stated that he was seeking relief "in the nature of quo warranto." "A *quo warranto* action will lie in a proceeding complaining of the wrongful acts of public officials[.]" *State ex rel. Vaughn v. King*, 653 S.W.2d 727, 729 (Tenn. Ct. App. 1982). However, as this Court has further explained:

> *Quo warranto* is a common law remedy, which the General Assembly codified at Tenn. Code Ann. § 29-35-101, *et seq.* The procedure has been described as "a writ of inquiry as to the warrant for doing the acts of which complaint is made." *State ex rel. Wallen v. Miller*, 202 Tenn. 498, 304 S.W.2d 654, 658 (1957) (quoting 44 Am. Jur., p. 88, Sec. 2). *Quo warranto* actions generally are initiated by a district attorney general. *See* Tenn. Code Ann. § 29-35-109. The reasoning for this limitation has been explained as follows:
>
> > In a sense—in a very important sense—every citizen and every taxpayer is interested in the enforcement of law, in the administration of law, and in having only qualified officers execute the law. But that general interest is not a private but a public interest. Being such, it is to be represented by the Attorney General or the district attorney, who are expected by themselves or those they authorize to institute quo warranto proceedings against usurpers in the same way that they are expected to institute proceedings against any other violator of the law. That general public interest is not sufficient to authorize a private citizen to institute such proceedings; for if it was, then every citizen and every taxpayer would have the same interest and the same right to institute such proceedings, and a public officer might, from the beginning to the end of his term, be harassed with proceedings to try his title.

- 6 -

*State ex rel. Wallen v. Miller*, 304 S.W.2d at 658 (quoting *Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 547-48, 35 S. Ct. 881, 59 L. Ed. 1446 (1915)).

> In limited circumstances, a private citizen may file a *quo warranto* action. *See* Tenn. Code Ann. § 29-35-110. However, the lawsuit still must be brought in the name of the district attorney general. *State ex rel. Wallen v. Miller*, 304 S.W.2d at 658-59. The plaintiff also is required to serve a copy of the complaint upon the district attorney general, who then must decide whether to join in the petition. *Bennett v. Stutts*, 521 S.W.2d 575, 577 (Tenn. 1975).

*Dossett v. City of Kingsport*, 258 S.W.3d 139, 144 (Tenn. Ct. App. 2007).

In this matter, Mr. Avery failed to comply with the above-referenced statutory requirements for filing a *quo warranto* action as a private citizen. *See id*. Therefore, as the trial court properly concluded, Mr. Avery could not proceed with a claim sounding in *quo warranto*.

Rather than analyzing Mr. Avery's claim as a *quo warranto* action, however, the trial court treated Mr. Avery's Motion for Relief as a petition for a writ of mandamus. As the United States Supreme Court explained long ago concerning the purpose of a writ of mandamus:

> Blackstone, vol. 3, p. 110, says that a writ of mandamus is "a command issuing in the king's name from the court of king's bench, and directed to any person, corporation or inferior court, requiring them to do some particular thing therein specified, which appertains to their office and duty, and which the court has previously determined, or at least supposes, to be consonant to right and justice. It is a writ of a most extensively remedial nature, and issues in all cases where the party has a right to have any thing done, and has no other specific means of compelling its performance."

*Marbury v. Madison*, 5 U.S. 137, 147 (1803). Likewise, our Supreme Court has elucidated:

> Where the law plainly prescribes a specific duty or a specific act to be performed, which is due in point of it, but has been refused, if simply effecting a private right, or only omitted if of public concern, the court may interfere at the instance of the proper parties, and by mandamus set those public officials charged with the duty in motion, leaving to them, however,

the free exercise of their own judgment and discretion in the manner of performance.

*State v. Meador*, 284 S.W. 890, 891 (Tenn. 1926); *see State v. Irick*, 906 S.W.2d 440, 442 (Tenn. 1995) ("Mandamus is a summary remedy, extraordinary in its nature, and is to be applied only when a right has been clearly established, so that there remains only a positive ministerial duty to be performed[.]") (quoting *Peerless Constr. Co. v. Bass*, 14 S.W.2d 732 (Tenn. 1929)). *See also Peerless Constr. Co. v. Bass*, 14 S.W.2d 732, 734 (Tenn. 1929) (explaining that "the purpose of a writ of mandamus is not to establish a legal right," . . . "but to enforce one which has already been established.") (quoting 38 C.J. Mandamus 582).

This Court has similarly clarified as follows:

> A writ of mandamus is an "extraordinary remedy." *Meighan v. U.S. Sprint Communications Co.*, 942 S.W.2d 476, 479 (Tenn. 1997). While it is normally used to compel public officials to perform their ministerial duties, *State ex rel Ledbetter v. Duncan*, 702 S.W.2d 163, 165 (Tenn. 1985), it may be used to prevent public officials from "palpably abusing their discretion" by performing discretionary acts in an arbitrary or oppressive manner. *Meighan v. U.S. Sprint Communications Co.*, 942 S.W.2d at 479. Mandamus is the proper remedy to enforce specific legal rights when the person seeking the writ has no other specific or adequate remedy. *State ex rel. Weaver v. Ayers*, 756 S.W.2d 217, 221 (Tenn. 1988); *State ex rel. Witcher v. Bilbrey*, 878 S.W.2d 567, 570-71 (Tenn. Ct. App. 1994).

> Courts will not issue a writ of mandamus against a public official unless the proof shows that the official is clearly refusing to perform some nondiscretionary, ministerial act. *State ex rel. Cole v. Francisco*, 643 S.W.2d 105, 106 (Tenn. 1982). Conversely, where the party seeking mandamus has a clear, vested legal right, he or she is normally entitled to the writ. *State ex rel. Nashville Pure Milk Co. v. Town of Shelbyville*, 192 Tenn. 194, 207, 240 S.W.2d 239, 244 (1951). Such a right must be clearly established; mandamus will not lie where the right is doubtful. *State ex rel. Weaver v. Ayers*, 756 S.W.2d at 221; *Tusant v. City of Memphis*, 56 S.W.3d 10, 18 (Tenn. Ct. App. 2001).

> An act is considered "ministerial" when the law prescribes and defines the duties to be performed "with such precision and certainty as to leave nothing to the exercise of [the official's] judgment." *Lamb v. State*, 207 Tenn. 159, 163, 338 S.W.2d 584, 586 (1960). Conversely, a "discretionary" act is one performed by an official who has the authority to

decide not only how the act will be performed but also whether or not the act will be performed at all. *Bradley v. State ex rel. Haggard*, 222 Tenn. 535, 540, 438 S.W.2d 738, 740 (1969); *Lamb v. State*, 207 Tenn. at 163, 338 S.W.2d at 586; *Tusant v. City of Memphis*, 56 S.W.3d at 18.

*Johnson v. Tenn. Dep't of Corr.*, No. M2001-02424-COA-R3-CV, 2003 WL 22794498, at *2 (Tenn. Ct. App. Nov. 25, 2003).

In his Motion for Relief, Mr. Avery stated in pertinent part:

This action arises from the unlawful deprivation of my natural organic birthrights to contract and to remain at liberty under the color of law by the respondents (conspiracy against rights). . . .

Cheryl A. Blackburn, Davidson County Criminal Court, Division III entered fraudulent commercial judgments against DAVID ANTHONY AVERY (estate); . . . in an administrative nonjudicial commercial dispute between the STATE OF TENNESSEE v. DAVID ANTHONY AVERY (legal entities) by operation of law under the guise of a de facto "criminal prosecution" via Constructive Trust Account #2006-C-2451 while engaged in the unauthorized misappropriation of said estate with no delegation of authority to do so, in the clear absence of all jurisdiction, and with no verified claims that grants the usurpation of the beneficial interest contained in said estate. . . .

Victor S. Johnson III, District Attorney General also engaged in the unauthorized appropriation of DAVID ANTHONY AVERY (estate) in commercial intercourse by creating and endorsing the charging indictment (commercial instrument) against said estate; . . . which serves to evince the corporate existence of the STATE OF TENNESSEE and identifies its primary business operation as AGRICULTURE COMMERCE. . . .

Daniel Newburn, MNPD Detective also trespassed upon DAVID ANTHONY AVERY (estate) in commercial intercourse by creating and endorsing the True Bill (commercial instrument) against said estate also endorsed by David C. Torrence et al,; . . .

Exclusively resulting from the execution of the aforementioned commercial instruments ex rel. DAVID ANTHONY AVERY©(legal entity), I, David A.; of the family Avery am now, and have been subjected to and victimized by Human Trafficking, Involuntary Servitude, False Imprisonment and the malicious deprivation of my natural organic

- 9 -

birthrights to contract and to remain at liberty for the past 14 years without probable cause, and with no verified valid claims against me. . . .

Because the respondent's unlawful actions against me resulted in the unwarranted false imprisonment and deprivation of my natural organic birthrights, I demand to be afforded the "RIGHT TO BE HEARD," the alleged judgments must be set aside, and because proof of their actions is evinced by their own signatures on the specific commercial instruments that caused my injuries, all of the commercial instruments against said estate must undergo a FULL RESCISSION pursuant to UCC 3-202, and all of the respondents shall be required to personally represent themselves by submitting a point-for-point counter affidavit in writing to rebut the claims against them within thirty (30) days from the date on the face of this commercial instrument (contract). I am rightfully entitled to any and all relief available. However, aside from the relief mentioned above, I also seek the immediate release from my unlawful imprisonment, settlement of the estate and any trust accounts opened by any corporate entities or natural persons ex rel. DAVID ANTHONY AVERY (estate), and to be awarded the just and equitable compensation for the emotional distress, mental anguish and the physical and pecuniary injuries inflicted upon me under the color of law in the certain exact sum of $333,333,333,.33; i.e. Three Hundred Thirty Three Million Three Hundred Thirty Three Thousand Three Hundred Thirty Three Dollars and Thirty Three Cents USD or its equivalent in goods, services and property.

Although the basis for the relief sought by Mr. Avery is not clear or easily discernible, it appears that Mr. Avery has alleged that the defendants acted without proper authority when investigating, prosecuting, and trying him in relation to his criminal charges, resulting in his alleged injury. Further review of Mr. Avery's Motion for Relief, however, reveals that the relief sought included (1) the setting aside of his criminal convictions, (2) his immediate release from incarceration, and (3) an award of monetary damages.

Although monetary damages are not ordinarily recoverable in mandamus proceedings, *see Paduch v. City of Johnson City*, 896 S.W.2d 767, 770 (Tenn. 1995), we determine that the trial court did not err in treating Mr. Avery's motion as a petition for writ of mandamus based on the balance of the relief sought. *See Stewart*, 368 S.W.3d at 463 ("Courts must give effect to the substance, rather than the form or terminology of a pleading."). Mr. Avery clearly sought a ruling from the trial court commanding the defendants to release him from incarceration and directing his criminal convictions be set aside. However, even if the defendants had the authority to satisfy Mr. Avery's demands, and presuming all factual allegations in his motion to be true and giving him the benefit

- 10 -

of all reasonable inferences, Mr. Avery has not established a "clear, vested legal right" to such relief. *See Johnson*, 2003 WL 22794498, at *2.

This Court has clarified:

> Tennessee courts will issue writs of mandamus only when the following three elements coexist: (1) the plaintiff's clear right to the relief sought, *Peerless Constr. Co. v. Bass*, 158 Tenn. 518, 520, 14 S.W.2d 732, 733 (1929); (2) the defendant's clear duty to perform the act the plaintiff seeks to compel, *State ex rel. Weaver v. Ayers*, 756 S.W.2d 217, 221 (Tenn. 1988); and (3) the absence of any other specific or adequate remedy, *State ex rel. Motlow v. Clark*, 173 Tenn. 81, 87, 114 S.W.2d 800, 802-03 (1938).

*State ex rel. Hayes v. Civil Serv. Comm'n of Metro. Gov't of Nashville & Davidson Cnty.,* No. 01-A-01-9002-CH-00061, 1990 WL 165073, at *2 (Tenn. Ct. App. Oct. 31, 1990)). Moreover, Mr. Avery, the party seeking mandamus, bears the burden of proving that his right to issuance of the writ is clear. *Delk v. State*, No. W2019-00224-COA-R3-CV, 2019 WL 3229773, at *4 (Tenn. Ct. App. July 18, 2019).

Affording Mr. Avery the benefit of all inferences that can be reasonably drawn from the pleaded facts, we conclude that Mr. Avery cannot establish any of the above-listed elements because he has alleged no clear right to the relief he desires and has failed to show that the defendants have a clear duty or even the authority to perform the acts he seeks to compel. We note that Mr. Avery was convicted by a jury for his crimes. *See State v. Avery*, 2009 WL 4724430, at *1. As such, the relief he desires would necessarily come from a direct appeal of his convictions or a petition for post-conviction relief. *See generally* Tenn. R. Crim. P. 37; Tenn. R. App. P. 3(b); Tenn. Code Ann. § 40-30-101, *et seq.* Although Mr. Avery had these other remedies available to him, he has now exhausted those remedies without obtaining relief. *See State v. Avery*, 2009 WL 4724430, at *21; *Avery v. State*, No. M2011-02625-CCA-R3-PC, 2012 WL 6570737, at *5 (Tenn. Crim. App. Dec. 17, 2012). Accordingly, the trial court properly determined that Mr. Avery failed to state a claim for writ of mandamus.

Furthermore, to the extent that Mr. Avery's allegations could be construed as sounding in tort due to his claims of injury resulting from his conviction and incarceration and his pursuit of monetary damages, we conclude that he has similarly failed to state a claim in tort for which relief can be granted. We note that in a previous case, which involved tort claims of negligence/malpractice due to the defendant attorneys' representation of the plaintiff during his criminal prosecution and challenged his resulting guilty plea, our Supreme Court elucidated that "the validity of criminal convictions are not designed to be tested in the civil tort arena." *Gibson v. Trant*, 58 S.W.3d 103, 112-13 (Tenn. 2001). This principle was previously adopted by the United States Supreme Court in a case brought by a prisoner pursuant to 42 U.S.C. § 1983

concerning the validity of his conviction, when such conviction had not been reversed or invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (invoking the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments").

Mr. Avery has generally alleged that negligent and/or intentional acts by the defendants resulted in injury to him. In doing so, Mr. Avery has presented general allegations of "fraud," "misrepresentation," and "malfeasance" by the defendants without any specific factual assertions to support such claims. "Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) (quoting *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000) (citing Tenn. R. Civ. P. 8.01). However, "the circumstances constituting fraud or mistake shall be stated with particularity." *See* Tenn. R. Civ. P. 9.02.

Here, Mr. Avery has failed to state more than conclusory allegations concerning the defendants. He has alleged no facts whatsoever in support of his claims. Again, affording Mr. Avery the benefit of all inferences that can be reasonably drawn from the pleaded facts, we determine that Mr. Avery has failed to state a tort claim upon which relief can be granted.

Moreover, assuming, *arguendo*, that Mr. Avery were able to state tort claims against these defendants concerning the validity of his convictions and incarceration, any such claim would have accrued at or before the time of his convictions, which occurred more than fourteen years ago. Ergo, as the trial court properly found, Mr. Avery's tort claims would be barred by the applicable statutes of limitations. *See generally* Tenn. Code Ann. § 28-3-104 (2017) (one-year statute of limitations applicable to most tort claims, including negligence and malicious prosecution); Tenn. Code Ann. § 28-3-105 (2017) (three-year statute of limitations applicable to claims of fraud and misrepresentation).

We reiterate that a trial court should dismiss a plaintiff's claims "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002). Inasmuch as Mr. Avery can prove no set of facts entitling him to the relief he seeks, we conclude that the trial court properly dismissed his claims. Accordingly, the trial court did not abuse its discretion in denying Mr. Avery post-judgment relief from the dismissal order. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012) ("A trial court's ruling on a post-judgment motion to alter or amend a judgment filed pursuant

to either Rule 59.04 or Rule 60.02 of the Tennessee Rules of Civil Procedure is reviewed under the abuse of discretion standard.")[1]

## V. Remaining Issues

Mr. Avery contends that the trial court erred by failing to enter default judgment against the defendants because the defendants failed to timely submit answers to Mr. Avery's averments and "have thus waived all defenses." Based upon our review of the record, however, it is clear that Mr. Avery's motion for default judgment was filed after the trial court had dismissed his claims. Having determined that the trial court properly denied Mr. Avery post-judgment relief from the dismissal order, we further determine that Mr. Avery's motion for default judgment is now moot.

We also conclude that Mr. Avery's remaining issues concerning commercial and contract law are unavailing, inasmuch as principles of contract and commercial law have no applicability to the validity of Mr. Avery's criminal convictions or incarceration. Furthermore, despite his argument to the contrary, Mr. Avery is unable to bind others to a "Public Notice Contract," which is unilateral in nature, in order to claim damages thereunder. *See Davidson v. Holtzman*, 47 S.W.3d 445, 453 (Tenn. Ct. App. 2000) (explaining that "contemplated mutual assent and meeting of the minds [required for a valid contract to be formed] cannot be accomplished by the unilateral action of one party" (quoting *Jamestowne on Signal, Inc. v. First Fed. Savings & Loan Assoc.*, 807 S.W.2d 559, 564 (Tenn. Ct. App. 1990))).

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's dismissal of Mr. Avery's Motion for Relief. Costs on appeal are assessed to the appellant, David A. Avery. This case is remanded to the trial court for collections of costs assessed below.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE

---

[1] Mr. Avery insists that the trial court failed to fully adjudicate all of his claims in accordance with Tennessee Rule of Civil Procedure 54.02. We disagree. The trial court entered an order dismissing Mr. Avery's claims pursuant to Tennessee Rule of Civil Procedure 12, and an order of dismissal for failure to state a claim upon which relief can be granted operates as an adjudication on the merits. *See Creech v. Addington*, 281 S.W.3d 363, 378 (Tenn. 2009).